## 43800. ROBERT F. BULLOCK, INC. v. THORPE et al.
(353 SE2d 340)

CLARKE, Presiding Justice.

We granted certiorari in this case to review the question of

whether a manufacturer can be liable under OCGA § 51-1-11 when a new product is placed in the hands of another for a try-out period prior to any actual sale. Although the Georgia statute uses the term "sold" when defining liability under strict liability for a "manufacturer of any personal property sold as new . . .," the Court of Appeals held that in order to effectuate the purpose of the statute, "sold" would be construed to mean "placed in the stream of commerce." *Thorpe v. Robert F. Bullock, Inc.*, 179 Ga. App. 867 (348 SE2d 55) (1986). We affirm.

To briefly restate the facts, Thorpe, an employee of Bennigan's Restaurant, was burned from boiling oil from a deep fat fryer manufactured by Robert F. Bullock, Inc. Bennigan's had not purchased the fryer, but Bullock had placed the fryer in their kitchen on a trial basis in hopes that a sale would be consummated.

In defining the scope of strict liability in tort the Georgia legislature uses the word "sold." OCGA § 51-1-11. The issue is whether the term is merely descriptive of the type of transactions to be covered as urged by Mr. Thorpe, or is a limitation of the types of commercial transactions to be covered by the statute as contended by the manufacturer.

The petitioner correctly argues that Georgia's strict liability doctrine is legislatively enacted and, we have said it will be strictly construed. See *Ford Motor Co. v. Carter*, 239 Ga. 657 (238 SE2d 361) (1977). However, we find that the application of the statute to the fact situation before us does not impermissibly enlarge on the policy set by the legislature. As stated and cited in *Ellis v. Rich's, Inc.*, 233 Ga. 573 (212 SE2d 373) (1975), the doctrine of strict liability puts a burden on the manufacturer who markets a new product to take responsibility for injury to members of the consuming public for whose use and/or consumption the product is made. In those states which recognize the doctrine of strict liability in tort, the vast majority hold the doctrine applicable to bailments and leases in a commercial setting. See 52 ALR3d 121 et seq., including 1986 supplement.

The petitioner here is the manufacturer of a product and in the business of selling that product. In the course of attempting to make a sale the manufacturer put the product in the hands of and under the control of a consumer and an injury occurred to an individual who is in the class of persons the statute is designed to cover. We do not believe that the lack of passing of title and payment of the purchase price takes this cause of action out of the reach of the doctrine as established by our legislature.

We do not address the issues of bailments and leases in other situations. We hold today that when a manufacturer in the business of marketing its product to an intended consumer offers the use of the product on a trial basis in order to make a sale, OCGA § 51-1-11

can be applied in a suit for an alleged injury occurring during the trial use.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., who dissents. Hunt, J., disqualified.*

### DECIDED MARCH 4, 1987.

*Wildman, Harrold, Allen, Dixon & Branch, Alfred B. Adams III,* for appellant.

*Popkin, Lennard, Warren & Thompson, Theron D. Warren III, Davis & Ormand, John F. Davis, Jr.,* for appellees.