A93A0109. BENNETT et al. v. BRIDGESTONE/FIRESTONE, INC.

(431 SE2d 748)

POPE, Chief Judge.

Plaintiffs, the Bennetts, filed a complaint against defendant Bridgestone/Firestone, Inc. alleging they were injured when the automobile driven by Mrs. Bennett struck a telephone pole because the brakes failed. Plaintiffs alleged the brake failure and the resulting accident and injuries were proximately caused by defendant's negligent repair of the brakes. When the case came before the trial court for trial, the parties agreed to submit the case to the judge on stipulated facts for his ruling on defendant's motion for "directed verdict." The trial judge correctly treated the proceeding as one pursuant to OCGA § 9-11-41 (b) and, after a presentation of stipulated facts, entered an order granting judgment in favor of defendant and dismissing the complaint "because plaintiff[s] failed to establish factual issues of negligence to be resolved by the trier of fact." Plaintiffs appeal.

1. We reject plaintiffs' argument that the trial judge erred in ruling before permitting plaintiffs to present evidence and in refusing to consider relevant portions of Mrs. Bennett's deposition. The record shows the parties consented to try the case on stipulated facts and that plaintiffs were allowed ample opportunity to present facts for stipulation by the parties. Thus the trial court did not err in refusing to permit plaintiff's deposition to be admitted into evidence.

2. "Under [OCGA § 9-11-41 (b)], a trial judge in a non-jury case expressly has the power to adjudicate the case on the merits at the conclusion of plaintiff's case." *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195, 197 (2) (180 SE2d 286) (1971). Plaintiffs argue the wording of the order indicates it was based on the trial judge's conclusion that plaintiffs' evidence failed to create an issue of negligence

and that the trial judge did not arrive at a ruling after weighing the evidence. "[I]n cases of this nature, the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them. . . . It logically follows that the trial judge, in such cases, can determine when essential facts have not been proved." *Comtrol, Inc. v. H-K Corp.*, 134 Ga. App. 349, 352 (214 SE2d 588) (1975). Thus, the order in this case must be construed as a finding by the judge, as trier of fact, that plaintiffs did not prove defendant's negligence. We cannot hold as a matter of law that plaintiffs did prove defendant's negligence and we must affirm the judgment of the trial judge as trier of fact.

The stipulated facts showed plaintiffs took their 1979 Cadillac to defendant for brake repairs on April 3, 1986. At that time the odometer showed it had been driven over 91,000 miles. Noted on the service invoice was the complaint: "Starts with hard pedal and now no brakes." A rebuilt power booster, a part of the brake system, was installed. Plaintiffs returned the following day, April 4, and the invoice notes the complaint: "Sometimes no brakes." A master brake cylinder was installed and the parties stipulated that the car was returned to plaintiffs April 5. At 2:40 a.m. on April 6 Mrs. Bennett was driving the car and experienced brake failure, causing her to leave the roadway and strike a telephone pole. The brakes worked properly between the time it was returned to plaintiffs and the time of the accident, although there is no evidence where or how many miles the car was driven in that period. A wrecker was used to move the car from the scene of the accident, and plaintiffs regained possession of the car in August 1986. The car was not examined to determine the cause of the accident, and plaintiffs finally disposed of the car for its junk value.

We cannot hold the trial judge erred in finding the plaintiff did not prove defendant's negligence. Although the parties stipulated that the accident occurred when the brakes failed, this alone does not establish as a matter of law that the brakes failed due to defendant's negligence. Plaintiffs rely on *Jim Ellis Atlanta v. McAlister*, 198 Ga. App. 94 (400 SE2d 389) (1990), to argue that the stipulation concerning Mrs. Bennett's testimony alone was sufficient to create an issue of fact concerning defendant's negligence. Even if her testimony would be sufficient to sustain a verdict in her favor, this evidence does not *require* a verdict in favor of plaintiffs as a matter of law. Relying on *Bridgestone Firestone v. Green*, 198 Ga. App. 858 (403 SE2d 442) (1991), plaintiffs argue an issue for the trier of fact is created pursuant to the doctrine of res ipsa loquitur. Even assuming the facts of this case show the requisite exclusive control by the defendant over the dangerous instrumentality, despite the fact that Mrs. Bennett had driven the car without incident after picking it up from defendant's shop, we do not hold that plaintiffs are entitled to judgment as a mat-

ter of law. In order for res ipsa loquitur to apply, the facts must also show the injury was the kind which ordinarily does not occur in the absence of someone's negligence. Id. at 861. As the facts show the car in question was approximately seven years old and had been driven over 91,000 miles, it cannot be said that brake failure in such a vehicle would ordinarily occur only due to someone's negligence. The stipulation concerning Mrs. Bennett's testimony that the brakes failed the day after defendant made certain repairs to the brakes is insufficient evidence that the brakes failed due to defendant's negligence.

We also reject plaintiffs' argument that by admitting the invoices for repairs made by defendant, which included a notation that the work was subject to an undefined limited warranty, the trial judge expanded the issues in the case to include a claim for breach of warranty and expanded the proceedings to a hearing on evidence other than the stipulated facts. The transcript of the hearing at which the facts were stipulated shows the trial judge admitted the invoices because they were not merely records of the amount paid to defendant but contained notations as to complaints and repairs which reflected the stipulated facts.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 1, 1993.

*Daniel T. Donohue*, for appellants.
*Branch, Pike, Ganz & O'Callaghan, Alfred B. Adams III*, for appellee.