A96A2098. SMITH v. U-HAUL COMPANY GEORGIA.
(484 SE2d 49)

ANDREWS, Chief Judge.

Donald Smith appeals the trial court's order granting U-Haul's motion for summary judgment on his negligence and breach of contract claims. Smith also contends the trial court erred in denying his motion to compel discovery and in refusing to extend the discovery period. Because we find no reversible error, we affirm the judgment of the trial court.

This case arose as a result of an accident in which a U-Haul truck rolled backward and pinned Smith's leg against a building. On April 20, 1993, Smith rented the diesel U-Haul truck from Red Barn of Byron, a franchisee of U-Haul and a co-defendant in this action, and drove it to a manufacturing company in Decatur. When he arrived at the loading bay, Smith left the engine running, put the gear in neutral, engaged the parking brake and got out. Smith testified at his deposition that the truck was parked on a slight grade going down toward the dock. He got out of the truck, went around to the rear, placed his foot on the bumper and attempted to raise the rear door. The truck started rolling backwards, pinning and crushing his leg against the wall. Smith shouted for help, and William Jackson, one of the manufacturing company employees, ran to the truck and drove it forward. Jackson testified at his deposition that the parking brake was engaged when he got in the truck.

Smith filed this personal injury action against U-Haul and the franchisee, Red Barn, claiming they were negligent in failing to inspect, maintain and repair the parking brake. He also filed a breach of contract claim, alleging the defendants breached the warranty provisions of the rental agreement. The court granted U-Haul's motion for summary judgment. Red Barn remained a defendant in the case.

1. First, Smith contends the trial court erred in denying his motion to compel discovery and in refusing to extend discovery. Discovery began on May 19, 1994, when defendant U-Haul filed its answer. Discovery as to the franchisee, Red Barn, did not begin until January 1995, when the correct owner was served and filed his answer. In May 1995, Smith learned of problems U-Haul had with parking brakes due to an exposé on "Inside Edition." As a result, Smith served supplemental discovery on U-Haul in June 1995.

U-Haul filed a motion to quash, claiming discovery expired seven months earlier and the subpoena issued by Smith for a witness' deposition contained a notice to produce documents but did not allow U-Haul the requisite 30 days under OCGA § 9-11-34 (b) (2) in which to produce them. The trial court dismissed Smith's motions to compel and extend discovery after determining that U-Haul was entitled to summary judgment on all claims.

The standard of review of a trial court's ruling on discovery disputes is abuse of discretion. *Fisher v. Bd. of Commrs. &c.*, 200 Ga. App. 353, 354 (408 SE2d 120) (1991). "The trial courts have broad discretion to determine what is and what is not discoverable, and this court will not interfere with those decisions absent a clear abuse." (Citations omitted.) *Apple Investment Properties v. Watts*, 220 Ga. App. 226, 227 (469 SE2d 356) (1996). After reviewing the record, we find the trial court did not abuse its discretion in denying Smith's discovery motions.

2. Smith claims U-Haul's negligence was responsible for his accident, contending U-Haul's inspection and maintenance procedures are inadequate and relying on the doctrine of res ipsa loquitur. The trial court correctly determined that res ipsa loquitur is inapplicable in this case.

"The elements of the doctrine are: (1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." (Citations and punctuation omitted.) *Bridgestone Firestone v. Green*, 198 Ga. App. 858, 861 (403 SE2d 442) (1991). The trial court found that, even assuming the truck was in the exclusive control of the defendants, Smith could not satisfy the other two requirements. There were issues of contributory negligence in that Smith left the truck running, in neutral, on an incline, put his foot on the rear bumper and tried to raise the door. The trial court also correctly found that this was not an injury which does not occur in the absence of some negligence. This Court has held that brakes fail for many reasons, not necessarily because of someone's negligence. *Bennett v. Bridgestone/Firestone*, 208 Ga. App. 782, 784 (431 SE2d 748) (1993).

Smith also argues U-Haul was negligent in inspecting and repairing the brake. But, he points to no evidence in the record in support of this contention.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Citations and punctuation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

As discussed above, Smith has presented no evidence in support of his claim that U-Haul's negligence caused the parking brake to fail. Therefore, the trial court did not err in granting summary judgment to U-Haul on this issue.

3. Smith also claims the trial court erred in granting U-Haul summary judgment on his claim for breach of the rental agreement. Again, he does not cite to any evidence in the record in support of this claim. In any event, the trial court correctly concluded that since Smith could not show negligence on U-Haul's part or point to some defect in the brake system, his breach of contract claim must also fail.

4. Smith also claims an affidavit submitted by defendant in support of its motion for summary judgment contains inadmissible hearsay. The affidavit in question was that of John Bricks, Marketing Company President of U-Haul.

In the affidavit, Brick described the different maintenance and inspection procedures U-Haul uses and stated that the truck in question underwent a Preventive Maintenance Inspection on August 24, 1992, and again on December 30, 1992, and there were no problems with the parking brake. The affidavit also states that U-Haul sent a representative to inspect the vehicle after the accident and found no problem with the parking brake. Along with the affidavit, U-Haul submitted copies of its maintenance programs and safety certification procedures. It also submitted copies of repairs made at the August 24 and December 30 inspections.

Smith complains that four of the paragraphs of the affidavit are inadmissible hearsay. Smith does not state specifically how this enu-

meration of error was preserved for appeal, and there is nothing in the record to show that any objection to the affidavit was made in the trial court. "Objections to affidavits such as these will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment." *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982). See also *Neese v. Britt Home Furnishings*, 222 Ga. App. 292 (474 SE2d 44) (1996). In addition, pretermitting the issue of whether these paragraphs are hearsay, in light of our holding above that there is no evidence to support Smith's claim of negligence against U-Haul, the trial court did not need to consider these portions of the affidavit in order to reach the correct conclusion.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 11, 1997 — 

*Gibson, Deal & Fletcher, James B. Deal*, for appellant.
*William P. Tinkler, Jr.*, for appellee.