## A99A1012. JENKINS v. GENERAL MOTORS CORPORATION.
### (524 SE2d 324)

PHIPPS, Judge.

Lynn Jenkins purchased, through a lease financing arrangement, a new Chevrolet C-3500 pickup truck for business use. Thirteen months later, while towing a loaded trailer, the truck's brakes failed, causing it to collide with an automobile. Jenkins sued General Motors Corporation, the manufacturer of the truck, to recover property damages for negligence, strict tort liability and breach of warranty. The trial court granted summary judgment to General Motors on all of Jenkins's claims except breach of written warranty. We find Jenkins has failed to present sufficient evidence to create a triable issue of fact on any of the claims for which summary judgment was granted and affirm the order of the trial court.

If the pleadings, depositions, answers to interrogatories and admissions, and affidavits establish a genuine issue of material fact, then General Motors cannot prevail in its motion for summary judgment.[1] But if General Motors shows that there is no evidence sufficient to create a jury issue on any essential element of a claim, then General Motors is entitled to summary judgment on that claim.[2]

1. Jenkins claims that the truck was not merchantable and that General Motors is strictly liable in tort under OCGA § 51-1-11 (b) (1). To recover under this theory, Jenkins must show a defect existed in the product at the time it was sold to him[3] or otherwise came under

---

[19] *Black's Law Dictionary* (6th ed.).
[1] OCGA § 9-11-56 (c).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[3] *Hall v. Scott USA*, 198 Ga. App. 197, 200 (2) (400 SE2d 700) (1990).

his control.[4] Jenkins argues that the brake failure is itself evidence of an original defect. But, comparing the brake failure here to a tire failure, "[t]he mere fact of a tire blowout does not . . . tend to establish that the tire was defective" because "[b]lowouts can be attributed to myriad causes. . . ."[5] Here, the brakes failed thirteen months after the truck was leased, one month after a repair had been made to the brakes, and while the truck was towing a loaded trailer. There are several plausible explanations for the brake failure, including negligent brake repair or excessive trailer weight. The failure of the brakes in this instance is not evidence that the brakes were defective when Jenkins leased the truck.

Jenkins cites *Firestone Tire &c. Co. v. King*[6] for the proposition that a defect can be proved by circumstantial evidence. In *Firestone*, the plaintiffs presented evidence that the tires in question were originally defective.[7] The evidence was circumstantial because the tire material in the area of the blowout was destroyed by the blowout. But the court allowed expert testimony that the blowout was caused by a tire defect.[8] In contrast to *Firestone*, Jenkins presents no such testimony of a brake defect.

2. The trial court ruled that Jenkins had shown no evidence that General Motors was negligent. The court cited *Bennett v. Bridgestone/Firestone*,[9] in which this court held that failure of automobile brakes, without more, does not establish evidence of negligence. "Although the parties stipulated that the accident occurred when the brakes failed, this alone does not establish as a matter of law that the brakes failed due to defendant's negligence."[10] Jenkins attempts to distinguish *Bennett* on the basis of the ages of the vehicles at the time of the brake failure — seven years in *Bennett* versus thirteen months in this case. We find this unpersuasive. Here, as in *Bennett*, there was a significant period of time during which the vehicle was not in the exclusive control of the manufacturer.

3. Jenkins argues that General Motors had a duty to warn him of possible brake failure because General Motors had prior knowledge of similar incidents of brake failure. The trial court found no evidence in the record to support this claim, and neither do we.

4. Jenkins claims he revoked acceptance of the truck and is therefore entitled to a refund of all amounts paid for it. But Jenkins

---

[4] *Robert F. Bullock, Inc. v. Thorpe*, 256 Ga. 744 (353 SE2d 340) (1987).
[5] *Firestone Tire &c. Co. v. Jackson Transp. Co.*, 126 Ga. App. 471, 475 (1) (191 SE2d 110) (1972).
[6] 145 Ga. App. 840 (244 SE2d 905) (1978).
[7] Id. at 841-842.
[8] Id.
[9] 208 Ga. App. 782 (2) (431 SE2d 748) (1993).
[10] Id. at 783.

retained the truck and used it after the collision. Continued use is inconsistent with a revocation of acceptance.[11]

5. The trial court found that Jenkins could not recover for breach of express or implied warranties. With respect to the implied warranty of merchantability,[12] Jenkins has failed to show any probative evidence that General Motors was responsible for the truck's brake failure. As is the case under strict tort liability, the product defect must exist at the time of sale or lease for an action under warranty to be valid.[13]

Jenkins argues that the brakes were defective for the purpose of hauling loaded trailers and that General Motors had given him an implied warranty of fitness for that purpose. But Jenkins still has not shown that the brakes were unsuitable for hauling trailers at the time the truck was leased. Furthermore, Jenkins cannot establish an implied warranty of fitness for a particular purpose under OCGA § 11-2-315, which provides that

> "where the seller at the time of contracting has reason to know [of] any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose."[14]

Jenkins owned and operated more than a dozen trucks. The record does not show that Jenkins relied on General Motors' skill and judgment in selecting the series 3500 truck, or that, if he did, General Motors knew of the reliance.

General Motors made an express written warranty to Jenkins. Other than the written warranty, Jenkins has presented no evidence of an express warranty. The trial court did not grant summary judgment to General Motors on Jenkins's claims under the written warranty, so the express written warranty claims are not before us.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 2, 1999.

*Capers, Dunbar, Sanders & Bruckner, Carl P. Dowling,* for appellant.

---

[11] *Fiat Auto USA v. Hollums,* 185 Ga. App. 113, 114-115 (3) (363 SE2d 312) (1987); OCGA § 11-2-608.

[12] OCGA § 11-2-314.

[13] *Firestone Tire &c. v. Jackson Transp. Co.,* supra, 126 Ga. App. 471.

[14] OCGA § 11-2-315.

*King & Spalding, Franklin P. Brannen, Jr., Steven S. Griffin, Chilton D. Varner*, for appellee.