A02A0742. DOMAN v. STAPLETON.
(568 SE2d 509)

BLACKBURN, Chief Judge.

Alexander Doman, M.D., appeals from an order affirming an arbitration award and denying his request for declaratory relief. Doman, who submitted a demand for arbitration against his former legal counsel, Theodore Stapleton, lost on all issues presented during arbitration. The arbitrator expressly determined that Doman was not entitled to any damages or other relief. After the superior court affirmed the award, Doman filed this appeal in which he sets forth 16 purported errors. After review, we affirm.

The underlying dispute arose after Doman retained Stapleton on October 9, 1995, to recover a judgment of $832,447.62 that Doman

had obtained against Julio Banderas, M.D., his former partner. See *Banderas v. Doman*.[1] The employment contract between Doman and Stapleton specifically provided:

> We have agreed to handle the above matter on the following contingency basis. In consideration for our services, it is agreed that our fee will be ten percent (10%) of any gross amount which may be collected for you with a fee cap of $70,000.00 plus all costs. . . . In the event we are discharged by you for any reason prior to recovery being negotiated or a supersedeas bond is filed by the Defendants you agree to pay our firm our usual hourly fee of $160.00 per hour for all services performed thereto.

The engagement letter, however, was silent regarding Stapleton's compensation in the event that Stapleton withdrew from representing Doman. On or about August 6, 1996, the parties modified their contract in writing by agreeing "to submit any unresolved dispute we may have in the future to binding arbitration under the American Arbitration Association." The relationship between Doman and Stapleton deteriorated although, according to Stapleton, he "diligently pursued" Doman's claims against Banderas in voluntary bankruptcy, involuntary bankruptcy, and fraudulent transfer actions.

On May 20, 1998, Doman filed a demand for arbitration against Stapleton in which he sought: (1) relief of his obligations under the employment contract; (2) the recovery of monies paid to other attorneys not affiliated with Stapleton; and (3) other damages to be determined. Stapleton answered and asserted a counterclaim seeking quantum meruit compensation for his employment. Despite Doman's demand for arbitration, Stapleton allegedly continued to provide legal services on behalf of Doman.[2]

In late September 1998, Doman and Stapleton entered a mutual agreement to withdraw their claims. By letter, drafted by Stapleton's counsel and bearing the signature of Doman, the parties informed the American Arbitration Association ("AAA") that Doman was withdrawing his request for arbitration and that Stapleton was withdrawing his counterclaim. The letter stated, "[a]t this time there is no need for an arbitration." Arbitration was postponed indefinitely.

No further action occurred until nearly a year later, when Doman attempted to sell certain property on which Stapleton had placed a lien to ensure recovery of his fees. On September 21, 1999,

---

[1] *Banderas v. Doman*, 224 Ga. App. 198 (480 SE2d 252) (1997).

[2] Stapleton claimed that he "filed seventeen actions including garnishments, attended or took seven depositions, and corresponded regularly with Doman."

Doman notified AAA by letter that he was "hereby amend[ing] my demand for arbitration." Doman described the nature of the dispute as "Respondent and claimant disagree as to whether claimant owes Respondent, Stapleton, any monies for his legal services." Doman sought a "[d]etermination that there is no money still owing to respondent by claimant as alleged by respondent." He added, "I no longer assert a claim for damages due to legal negligence or malpractice and do not seek recovery of any money from respondent." But, on November 25, 1999, Doman filed a demand for arbitration and described the nature of the dispute as follows:

> Mr. Stapleton refused to abide by our contract to protect my interests by objecting to the debtor's discharge of his debt to me when he filed bankruptcy and not using his agreed quote "best efforts to maximize (my) recovery." Stapleton threatened to sue me in a letter dated 5/13/98 (enclosed). Stapleton withdrew from representing me in August 1998. *THE CLAIM.* $50,000.00 to be paid by Stapleton to me. Such sum included monies that I advanced to Stapleton and my attorney's fees for legal services Stapleton would have performed if he had continued to represent me and not dropped me as a client.

Before the hearing, after reviewing the parties' respective position statements, the arbitrator advised the parties that the attorney-client contract did not fit within the exclusion for employment contracts appearing at OCGA § 9-9-2 (c) (9). He observed, "To deny arbitration in this matter would be to reward form over substance. That being the case, I find that this matter is ripe for arbitration." The arbitrator framed the issues in this way:

> [T]he scope of arbitration shall be limited to construction of the contract between the parties, and a determination of the respective rights and liabilities of the parties. Specifically excluded from consideration are claims for damages based upon the alleged tortious conduct of respondent arising out of his filing of the attorney's lien.

After a two-day hearing, the arbitrator found "ample evidence" that Doman "created a situation which would give Respondent sufficient justification in withdrawing from further representation of Claimant." According to the arbitrator, the evidence included but was not limited to, "filing for arbitration against his attorney, his stated intent to reduce Respondent's fees, and in general, the very antagonistic nature which infected the relationship virtually ab initio. In

short, the attorney client relationship had become, in essence, adversarial." The arbitrator determined that the fee issue was controlled by *Sosebee v. McCrimmon*.[3] In *Sosebee*, this Court held that when a contingent fee agreement exists but the client prevents the contingency from happening, the attorney is entitled to reasonable fees for the services rendered on behalf of his client. Id. at 707. The arbitrator decided:

> [s]ince the contingency of the fee contract has not yet occurred, i.e. the recovery of money, there has been a failure of a condition precedent to the contract. The contract is therefore terminated. That being the case, the amount of attorney fees cannot be calculated under the terminated contract. Instead, Respondent's rights to recover fees, if any, would be through an action for quantum meruit.

The arbitrator declined, however, to calculate the amount of reasonable attorney fees. Instead, the arbitrator found, "[g]iven that there was no counterclaim pending at the time of this Arbitration, notwithstanding the fact that evidence of that nature was presented, the Arbitrator lacks jurisdiction to make any award of this nature."

After the arbitrator found against Doman on all issues, Stapleton sought to have the award modified to include the recovery of his fees or, in the alternative, to have the fee issue set down for arbitration. Stapleton asked the arbitrator to reconvene arbitration to determine the amount Doman owed him. The arbitrator denied Stapleton's "motion for modification of award, or in the alternative, motion to set down matter for arbitration."

Doman sought to have the award confirmed, but Stapleton opposed confirmation because the award did not include the recovery of his fees. Stapleton asserted that his claim for attorney fees had properly been before the arbitrator. He argued that he was entitled to rely on Doman's arbitration demand and the arbitrator's order regarding the scope of arbitration. Stapleton also pointed out:

> [a]t the time Arbitrator Rosen made his award on March 15, 2000, the parties were uncertain regarding the amount of money Dr. Doman would ultimately receive from the estate of Dr. Julio C. Banderas, and therefore, the ultimate benefit Dr. Doman received from Mr. Stapleton's work. The benefit received by Dr. Doman is now clear. Since the previous

---

[3] *Sosebee v. McCrimmon*, 228 Ga. App. 705 (492 SE2d 584) (1997).

award, Dr. Doman's recovery from the estate of Dr. Julio C. Banderas has become certain.[4]

After the arbitrator issued the award but before its confirmation by the trial court, Stapleton filed a demand with the AAA for arbitration of his legal fees. The arbitrator subsequently denied Stapleton's request for reconsideration of the award. The AAA agreed to arbitrate the fees issue and set a hearing date for November 28-29, 2000. On November 13, Doman filed a motion for confirmation of the award and a complaint for declaratory judgment, arguing, inter alia, that Stapleton was foreclosed from bringing a claim for which the merits had already been decided. Doman sought a judicial stay of further arbitration and alleged that further arbitration would be outside the scope of the arbitration clause, and that further arbitration would violate the principle of res judicata, estoppel by award, or collateral estoppel. In his brief in support of confirmation of the award, Doman argued that further arbitration would violate public policy as well as his rights to due process and equal protection.

The trial court affirmed the award in its entirety and refused to grant the declaratory relief sought by Doman to stop the pending arbitration of the fee dispute. In doing so, the court found that Stapleton had not been required to bring the attorney fees issue as a counterclaim in the first arbitration. The trial court noted that the parties had agreed to settle their disputes by arbitration and "nothing in the American Arbitration Association's Commercial Arbitration Rules states that counterclaims are compulsory." The trial court concluded that "in light of the arbitrator's finding that he lacked jurisdiction to make any award, this Court finds that no decision on the merits of Stapleton's claim has been made and he is thus not prohibited from pursuing his claim in the pending arbitration."

After his efforts to thwart additional arbitration proved unsuccessful, Doman filed this appeal. Enumerating sixteen errors, Doman now contests the trial court's order that consisted of one paragraph of nine sentences.

1. In five interrelated enumerations, Doman argues that the pending arbitration as to the amount that he allegedly owes Stapleton for legal services is barred by the principles of res judicata, collateral estoppel, estoppel by award, and estoppel by judgment. We do not agree.

---

[4] Stapleton advised that

Judge Pasky of the United States Bankruptcy Court has awarded Dr. Doman to receive $739,593.79 from the estate of Julio C. Banderas. *See* Exhibit "E." The judge has further ordered that the trustee shall "escrow and retain ($300,000.00) in her bankruptcy account from any distribution to Dr. Doman, . . . pending a determination of the amount of attorney's fees due from Dr. Doman to Theodore N. Stapleton."

"Three elements are necessary to establish res judicata including: (1) the identity of the parties; (2) identity of the cause of action and (3) adjudication by a court of competent jurisdiction." *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.,*[5] quoting *McIver v. Jones.*[6] Here, the matter of fees recoverable under quantum meruit has not been adjudicated by a court of competent jurisdiction. On the contrary, the arbitrator expressly found that he lacked jurisdiction to decide that issue.

Notwithstanding Doman's arguments, Stapleton's claim in quantum meruit has yet to be determined. Prior to arbitration, the arbitrator framed the scope of arbitration to include an interpretation of the contract between Doman and Stapleton and "a determination of the respective rights and liabilities of the parties." This statement would seem to embrace Stapleton's rights to and Doman's liability relating to the fee agreement. Stapleton presented detailed evidence to the arbitrator, apparently without objection from Doman, as to the hours and efforts that he expended on behalf of Doman. As such, it would appear that Doman and Stapleton implicitly agreed to arbitrate their dispute over fees. See *Akintobi v. Phoenix Fire Restoration Co.*[7] As Stapleton indicated by his post-hearing brief, he expected the award to include the "reasonable value of his legal services, including expenses," which he calculated at $192,000 based on 1,200 hours billed at an hourly rate of $160. He also sought expenses in the amount of $7,338.02. After the award failed to reach the issue of his fees, Stapleton sought to have the award modified. The award plainly shows that the arbitrator refused to squarely address the fee issue after determining that he lacked jurisdiction to do so. Instead, after finding that the contract for legal services had been terminated, the arbitrator found that "the amount of attorney fees cannot be calculated under the terminated contract." "[A]rbitration is a matter of contract, meaning that arbitrators derive their authority to resolve disputes only from the parties' agreement." *Barge v. St. Paul Fire &c. Ins. Co.*[8] And, despite the fact that the parties had entered into an agreement that all disputes arising from the fee contract would be submitted to binding arbitration, the arbitrator decided, "Respondent's rights to recover fees, if any, would be through an action for quantum meruit." Since the parties' contract explicitly required arbitration of all disputes, the arbitrator's finding, coupled with the par-

---

[5] *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 396 (2) (469 SE2d 466) (1996).

[6] *McIver v. Jones*, 209 Ga. App. 670 (434 SE2d 504) (1993).

[7] *Akintobi v. Phoenix Fire Restoration Co.*, 236 Ga. App. 760, 761 (513 SE2d 507) (1999).

[8] *Barge v. St. Paul Fire &c. Ins. Co.*, 245 Ga. App. 112, 113 (1) (535 SE2d 837) (2000).

ties' agreement, means that the fee issue must be resolved by further arbitration.

The Georgia Arbitration Code, moreover, obligates a trial court to confirm an award upon timely application by a party unless one of the four statutory grounds for vacating or modifying the award is established. *Haddon v. Shaheen & Co.*[9] But even assuming arguendo that the arbitrator here erred in finding that he lacked jurisdiction to resolve the fee issue, no relief from this error could be obtained because none of the statutory grounds for opposing the confirmation of the award were in existence.[10] See OCGA § 9-9-13 (b). Nothing on the face of the award, including the finding that the arbitrator lacked jurisdiction to determine attorney fees under the terminated contract, appears to be the result of corruption, fraud, or misconduct. See *Greene v. Hundley*.[11] Nor does the award evince any partiality or overstepping on the part of the arbitrator. See *Gilbert v. Montlick*.[12] Nor does any evidence indicate that the arbitrator's decision was "completely irrational" or constituted a "manifest disregard of the law." See *Amerispec Franchise v. Cross*.[13] In these circumstances, Doman failed to show that arbitration of the unresolved issue of attorney fees in quantum meruit is foreclosed. Compare *CenTrust Mtg. Corp.*, supra at 396 (2) (claim barred due to bank's failure to raise the issue earlier).

2. In two enumerations, Doman contends that the trial court erred in finding that Stapleton was not required to bring his counterclaim in the first arbitration. Doman argues that the trial court erred in finding that the AAA's Commercial Arbitration Rules do not require compulsory counterclaims since those rules do not address compulsory counterclaims. Doman asserts that since the preclusion doctrines apply to arbitration proceedings, Stapleton's failure to bring the matter when he could have done so foreclosed Stapleton from bringing it later. Doman claims that the dispositive issue is whether Stapleton was required to assert his fee claim as a counterclaim in the prior arbitration proceeding, in other words whether the fee issue constituted a compulsory counterclaim. See *Centex-Rodgers*

---

[9] *Haddon v. Shaheen & Co.*, 231 Ga. App. 596-597 (1) (499 SE2d 693) (1998).
[10] Doman conceded this point in Paragraph 15 of his motion for confirmation, where he stated,
> None of the four statutory grounds for vacating or modifying an award under OCGA § 9-9-13 (b) apply herein and Doman, a party to the arbitration, timely makes this application to confirm the award, and to have judgment rendered making the Award of Arbitrator, dated March 15, 2000, Case No. 30 E 104 00222 98, Exhibit F, made the judgment of this Court.
[11] *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996).
[12] *Gilbert v. Montlick*, 232 Ga. App. 91, 93 (2) (499 SE2d 731) (1998).
[13] *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 671 (1) (452 SE2d 188) (1994).

*Constr. Co. v. City of Roswell*.[14] While it is true that preclusion principles generally do apply to arbitration, and a plaintiff who has a cause of action is not permitted to split his single cause into successive litigation, that is not what occurred here. See *Bennett v. Cotton*[15] (party to arbitration may not hold some claims in abeyance while submitting others to binding arbitration).

The AAA Rules expressly empower an arbitrator to determine his own jurisdiction. R-8 (a) of the Commercial Arbitration Rules provides: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Here, the arbitrator ruled on his own jurisdiction and found he could not make an award in the nature of quantum meruit. Stapleton unsuccessfully challenged that finding and sought to have the award modified to include his fees. In these circumstances, it was the arbitrator, not Stapleton, who bifurcated or split up the fee issue. Compare *Centex-Rodgers Constr. Co.*, supra at 32 (2) (despite being ordered by the trial court to participate in the arbitration as a party, Centex-Rodgers chose to disregard the court's order to its peril).

Doman's reliance upon *Banderas v. Doman*, supra, is misplaced. In that case, unlike here, a party to arbitration was barred from bringing a claim that he failed to timely assert. In that case, this Court held that Doman was foreclosed from bringing an untimely claim for defamation that should have been raised while arbitration was pending on his claims for breach of contract and tortious interference. Here, however, the fee contract, including whether the agreement was breached, and if so by whom, and the rights and liabilities of the parties pertaining to that contract formed and continue to form the basis for arbitration.

It was Doman who moved for confirmation of an award which contained an explicit finding by the arbitrator that he lacked jurisdiction to make an award predicated on quantum meruit. If Doman wished to contest that jurisdictional finding, then he should have done so. Instead, he sought and obtained confirmation of the award, then tried to thwart Stapleton's efforts to recover for his legal services.

As a final matter, we note that while the Georgia Arbitration Code authorizes a party to an arbitration agreement to petition the court for consolidation of separate arbitration proceedings, here, separate proceedings were not simultaneously pending. See OCGA § 9-9-6 (e). When Stapleton filed his arbitration demand in June 2000, the

---

[14] *Centex-Rodgers Constr. Co. v. City of Roswell*, 215 Ga. App. 30 (449 SE2d 631) (1994).
[15] *Bennett v. Cotton*, 244 Ga. App. 784, 787 (1) (536 SE2d 802) (2000).

trial court could have ordered the consolidation of the two proceedings, since the award from the earlier proceeding had not yet been approved, but the trial court was not required to do so since the language under OCGA § 9-9-6 (e) is permissive. That section of the Code provides in pertinent part, "If the court orders consolidation under subsection (e) of this Code section, the court may exercise its discretion to deny consolidation of separate arbitration proceedings only as to certain issues, leaving other issues to be resolved in separate proceedings." OCGA § 9-9-6 (h). In these circumstances, we find no error.

3. In light of our disposition in Divisions 1 and 2, the other issues enumerated as error by Doman are now moot.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002 —
RECONSIDERATION DENIED JULY 8, 2002 — 

*Paul S. Weiner*, for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Terry O. Brantley*, for appellee.