## A05A0674. DOMAN v. STAPLETON.
(611 SE2d 673)

PHIPPS, Judge.

This is a continuation of *Doman v. Stapleton*.[1] In the prior appeal, we affirmed an arbitration award that found that attorney Theodore Stapleton had justifiably withdrawn from representation of his client, Dr. Alexander Doman; and that, in view of the consequent termination of the parties' fee contract, Stapleton could recover the reasonable value of legal services rendered to Doman under a quantum meruit theory; but that the arbitrator did not have jurisdiction over the attorney fee claim in that proceeding.

Before that arbitration award was confirmed by the trial court, Stapleton filed a demand to arbitrate his attorney fee claim against Doman. The arbitrator ultimately entered an award in Stapleton's favor. This is an appeal by Doman from the second arbitration award. We again affirm.

Doman retained Stapleton to recover an $832,447.62 judgment that Doman obtained against his former partner, Dr. Julio Banderas (who had instituted bankruptcy proceedings). The employment contract between Doman and Stapleton provided for a fee of ten percent of any gross amount collected with a cap of $70,000 plus costs. The employment contract was silent as to Stapleton's compensation if he withdrew from representing Doman.

---

[1] 256 Ga. App. 383 (568 SE2d 509) (2002).

In the parties' first arbitration proceeding, Doman sought a determination that he owed no attorney fees because Stapleton had not been justified in withdrawing from the case. The arbitrator found that Doman had created a situation that gave Stapleton justification to withdraw and that the fee issue was controlled by *Sosebee v. McCrimmon*.[2] *Sosebee* holds that when a contingent fee agreement exists but the client prevents the contingency from happening, the attorney is entitled to reasonable fees for the services rendered on behalf of his client. Because the contingency of the parties' contract (i.e., the recovery of money from Banderas) had not occurred, the arbitrator declared the contract terminated and determined that Stapleton's rights to recover fees, if any, would be through an action for quantum meruit. The arbitrator further ruled, however, that he lacked jurisdiction over Stapleton's attorney fee claim because Stapleton had not asserted it by counterclaim in the arbitration proceeding.

After the arbitrator issued his award, but before its confirmation by the trial court, the following transpired: Doman obtained a $739,593.79 recovery against the bankruptcy estate of Banderas. Stapleton filed a demand with the American Arbitration Association (AAA) for arbitration of his legal fees. Doman filed a motion for confirmation of the award, and he sought to stay arbitration on the ground that Stapleton was required to assert his attorney fee claim as a compulsory counterclaim in the initial arbitration. The trial court confirmed the award and refused to grant the stay, thereby rejecting Doman's compulsory counterclaim argument.

In affirming *Doman v. Stapleton*, we held, among other things:

> It was Doman who moved for confirmation of an award which contained an explicit finding by the arbitrator that he lacked jurisdiction to make an award predicated on quantum meruit. If Doman wished to contest that jurisdictional finding, then he should have done so. Instead, he sought and obtained confirmation of the award, then tried to thwart Stapleton's efforts to recover for his legal services.[3]

We concluded that Doman could not do that, in part because "the fee contract, including whether the agreement was breached, and if so by whom, and the rights and liabilities of the parties pertaining to that contract formed and continue to form the basis for arbitration."[4]

In the second arbitration, the arbitrator determined that, under a quantum meruit theory, Stapleton was entitled to net recovery of

---

[2] 228 Ga. App. 705 (492 SE2d 584) (1997).

[3] 256 Ga. App. at 390 (2).

[4] Id.

$181,427 plus 18 percent of all subsequent interest payments and dividends paid to Doman by the trustee in the bankruptcy estate of Banderas. Stapleton filed an application to confirm the award. In opposition, Doman filed an application to vacate the award. Doman moved for a judgment vacating the award, and he sought a subpoena to obtain the deposition of the arbitrator. The trial court denied Doman's motion for judgment in his favor and granted Stapleton's motion to quash the subpoena.

Stapleton filed a cross-motion for a judgment confirming the award,[5] arguing that there was no evidence of any grounds to set aside the award under OCGA § 9-9-13. In opposition to Stapleton's motion, Doman filed an affidavit with supporting exhibits. In his affidavit, Doman testified, among other things, that at the outset of the second arbitration hearing, the arbitrator ruled that the hearing would be limited to determination of the value of services Stapleton had rendered to Doman; and that, during a recess in the arbitration proceeding, the arbitrator (who operates a business providing litigation support services to lawyers) had sought to solicit business from Stapleton's attorneys. Stapleton's attorneys filed a brief asserting that Doman's claim regarding the arbitrator's attempt to solicit business from him was "patently false." The trial court confirmed the award in favor Stapleton.

Under OCGA § 9-9-13 (b), a party seeking to set aside an award may do so under five exclusive grounds:

> (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of [the Georgia Arbitration Code], unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.[6]

"The fact that the relief was such that it could not or would not be

---

[5] Stapleton styled his motion for judgment confirming the award as a cross-motion for summary judgment. Similarly, Doman styled his motion for judgment vacating the award a motion for summary judgment. Because this arbitration award confirmation proceeding is a special statutory proceeding in which there is no right to jury trial, these were not summary judgment motions.

[6] See *Southwire Co. v. American Arbitration Assn.*, 248 Ga. App. 226, 227-228 (2) (545 SE2d 681) (2001).

granted by a court of law or equity is not ground for vacating or refusing to confirm the award."[7]

> The authority of courts to review an award, pursuant to a motion to vacate, is very limited; courts cannot inquire into the merits of an arbitrable controversy; arbitrators are free to award on the basis of broad principles of fairness and equity; and an arbitrator need not make findings or state the reasons in support of the award. In reviewing a motion to vacate, appellate courts cannot make determinations as to the sufficiency of the evidence, as such judicial intervention would only frustrate the purpose of arbitration. The prohibition against considering the sufficiency of the evidence as grounds for vacating an arbitration award is unconditional. Therefore, a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award.[8]

1. Doman claims that the arbitrator disregarded the law of the case, as established in *Doman v. Stapleton*, by allowing Stapleton to recover attorney fees on a quantum meruit theory, and by refusing to allow Doman to present defenses to liability by showing that Stapleton's withdrawal from his representation of Doman had not been justifiable.

Doman relies on our decision in *Doman* as authority for the proposition that in this proceeding the rights and liabilities of the parties should be determined under the fee contract since the contingency set forth in the contract (i.e., the recovery of money from Banderas) has now occurred. Doman misreads our prior decision. We upheld the first arbitrator's termination of the fee contract because Stapleton justifiably withdrew from representation of Doman before the contingency occurred. Because the contract was properly terminated, Stapleton may recover fees on a quantum meruit theory even though, as we further recognized in *Doman*, the contingency subsequently occurred.

As we also recognized in *Doman*, the arbitrator in the first proceeding decided that, for services rendered, Stapleton had a right to recover whatever amount of fees was determined to be reasonable, but the arbitrator declined to calculate the amount of reasonable

---

[7] OCGA § 9-9-13 (d).

[8] (Citations, punctuation and emphasis omitted.) *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 598-599 (1) (b) (499 SE2d 693) (1998).

attorney fees. Therefore, the arbitrator in the latter proceeding did not err in ruling that Doman's defenses to liability were not in issue.

2. Doman charges the arbitrator with corruption, misconduct, and partiality by attempting to solicit business from counsel for Stapleton during a recess in the arbitration.[9]

However, Doman's claim that the arbitrator attempted to do this is hotly disputed by Stapleton's attorney, and the trial court was not required to find that the solicitation occurred. "The trial court's ruling on this issue must be affirmed, as it is not clearly erroneous."[10]

3. Doman claims that the arbitrator failed to follow the procedure of the Georgia Arbitration Code by denying his request for a court reporter.

Doman charges the arbitrator with a violation of OCGA § 9-9-8 (e), which allows any party to have arbitration proceedings transcribed by a court reporter. Indisputably, however, Doman agreed to submit the dispute to arbitration under the AAA. The arbitrator denied Doman's request because of his failure to comply with AAA Rule 28. This rule requires any party desiring a stenographic record of the arbitration hearing to make arrangements with a stenographer and notify the other party of these arrangements at least three days in advance of the hearing. Because Doman's request was not timely under Rule 28, the arbitrator did not violate code procedure by denying his request. Without a transcript, we are unable to review other procedural errors which Doman charges to the arbitrator.

4. Doman challenges the arbitration award on grounds that the arbitrator awarded Stapleton attorney fees based on distributions Doman received from the Banderas bankruptcy estate without Stapleton's assistance.

This claim of error is not subject to review, because it is a challenge to the sufficiency of the evidence to support the amount of the award.[11] To the extent that Doman charges Stapleton with fraud in procuring the award by submitting a false affidavit in support of this aspect of his attorney fee claim, the record (which contains no transcript of the arbitration hearing) does not demand a finding that the affidavit was false.

5. Doman charges the trial court with error in granting Stapleton's motion to quash his subpoena to procure the deposition of the arbitrator.

---

[9] See generally id. at 597-598 (1) (a).

[10] (Footnote omitted.) *Southwire Co.*, supra at 229 (5).

[11] See *Atlanta Gas Light Co. v. Trinity Christian Methodist Episcopal Church*, 231 Ga. App. 617, 620 (2) (500 SE2d 374) (1998); compare *Sweatt v. Intl. Dev. Corp.*, 242 Ga. App. 753, 755 (1) (531 SE2d 192) (2000) (arbitrator overstepped his authority by awarding actual damages where only liquidated damages were permitted under express terms of contract).

The record reflects that Doman sought to take the arbitrator's deposition to substantiate his claim that the arbitrator acted in disregard of the law. The trial court was authorized to find that this issue was determinable on the record, and that the deposition of the arbitrator was, therefore, not needed.[12]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 21, 2005 —
RECONSIDERATION DENIED MARCH 11, 2005 — ■■■■■■■■■
■■■■■■■■■■■■■■■

*Paul S. Weiner*, for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Terry O. Brantley*, for appellee.

---

[12] See *Hoeft v. MVL Group*, 343 F3d 57 (2nd Cir. 2003) (arbitrators may not be deposed on a manifest disregard claim); see generally *Smith v. U-Haul Co. &c.*, 225 Ga. App. 356, 357 (1) (484 SE2d 49) (1997); compare *Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770 (462 SE2d 130) (1995) (because limited discovery relating to affirmative defenses to confirmation of award is permissible in arbitration award confirmation proceeding, a party is entitled to obtain discovery on question of whether application to confirm award was time-barred).