S97A0857, S97A1656. MITCHAM v. BLALOCK et al. (two cases).
(491 SE2d 782)

BENHAM, Chief Justice.

In early 1987, appellant Michael Mitcham established an account at Atlanta Securities & Investments (ASI) and invested $46,000 through ASI and broker Jones. Jones bought and sold high-risk securities without Mitcham's authorization and made false statements to Mitcham when questioned about the activity on Mitcham's account. When Mitcham sought to close the account in August 1989, the broker admitted that all Mitcham's money had been lost. After he was unsuccessful in his attempts to resolve the problems with ASI's management, Mitcham hired present counsel and filed an arbitration claim with the National Association of Securities Dealers (NASD) in July 1990. The three arbitrators found ASI and Jones jointly and severally liable to Mitcham on his claims and awarded him $60,000. Appellees Blalock, Bradley, and Ringo (corporate officers or directors of ASI) were named as respondents in the arbitration matter, but they were dismissed by the arbitrators as defendants due to lack of notice.[1] The award against ASI and Jones

---

[1] In a separate proceeding, the District Business Conduct Committee of NASD imposed sanctions upon ASI, Blalock, Bradley, and Ringo, with the three individuals being censured,

was confirmed by the State Court of Fulton County.

In September 1991, Mitcham filed a complaint in the Superior Court of DeKalb County against Ingram and the three individuals who had been dismissed from the arbitration proceeding, Blalock, Bradley, and Ringo. Summary judgment was awarded the defendants, and the Court of Appeals affirmed the trial court's grant of summary judgment. *Mitcham v. Blalock*, 214 Ga. App. 29 (447 SE2d 83) (1994). Thereafter, Mitcham sought arbitration by filing a statement of claim against the foursome with the NASD. Acting on Ingram's motion, the trial court enjoined four of five counts of the arbitration proceeding on the grounds of res judicata and collateral estoppel. When Mitcham declined to recognize the applicability of Ingram's injunction to appellees Blalock, Ringo, and Bradley, the trio sought injunctive relief, and the trial court gave them the same relief previously given Ingram. It is from the issuance of the latter injunction that Mitcham appeals in S97A0857.[2]

Eight days after Mitcham filed his notice of appeal from the trial court's grant of the injunction to appellees, appellee Blalock filed a motion under OCGA § 9-15-14 for assessment of attorney fees against Mitcham and his counsel. After the main appeal was docketed in this Court, the trial court granted the motion pursuant to subsections (a) and (b) of § 9-15-14, and ordered judgment in favor of Blalock for $4,242.74, with Mitcham and his attorney jointly and severally liable for the amount. Mitcham's appeal from the entry of the § 9-15-14 judgment is the basis for S97A1656.

1. We address first the main appeal, and our initial inquiry is whether the trial court had the power to enjoin arbitration proceedings. The Georgia Constitution authorizes a court to exercise "such powers as necessary . . . to protect or effectuate its judgments. . . ." (1983 Ga. Const., Art. VI, Sec. I, Par. IV), and OCGA § 15-6-8 gives a superior court judge the authority to grant writs of injunction. We conclude that the trial court was empowered to protect the judgment it had entered in Mitcham's lawsuit against appellees by enjoining an arbitration proceeding on the grounds of res judicata and collateral estoppel.

2. Res judicata is statutorily defined as follows:

A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all

---

$10,000 fines assessed against Bradley and Ringo, and a $110,000 fine assessed against Blalock. Blalock was barred from further association with any NASD member, and Bradley and Ringo were barred from association with a NASD member as a general securities principal.

[2] Mitcham's earlier appeal from the grant of the injunction to Ingram was dismissed by this Court because the Notice of Appeal was not filed within 30 days of the entry of the injunction. OCGA § 5-6-38 (a). *Mitcham v. Blalock*, S96A0822, decided March 1, 1996.

matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

"Finality is the goal and the essence of the doctrines of res judicata and estoppel by judgment. Both doctrines generally prevent an unsuccessful litigant from attempting to re-litigate issues previously litigated by a court of competent jurisdiction." *Jim West Housemovers v. Cobb County*, 259 Ga. 314 (380 SE2d 251) (1989). As there is no question of identity of parties since the parties involved in the previous litigation are the same as those now involved in the second arbitration proceeding, we focus our attention on the matters put in issue or which might have been put in issue in the earlier litigation.

3. In the counts of the NASD arbitration "Statement of Claim" against appellees which were enjoined by the trial court, Mitcham alleged:

(1) that the appellees were jointly and severally liable to him for the amount of the NASD arbitration award against ASI and Jones since each appellee had the power to direct or cause the direction of the management and policies of ASI and Jones, and that each appellee had been stubbornly litigious in refusing to pay the award;

(3) that each appellee was a controlling person of Jones, as that term is used in OCGA § 10-5-14 (c), making each liable for Jones's acts. Each appellee was also alleged to have been a control person over ASI who breached his duty to Mitcham by failing to supervise ASI employees;

(4) that appellees had neglected their obligations to monitor and supervise Mitcham's account and ASI employees, and violated NASD's Rule of Fair Practice; and

(5) that appellees had breached their fiduciary duties to Mitcham, imposed by the Rules of Fair Practice, by reason of appellees' relationship with Mitcham.

The first count mirrored the first count of the 1991 complaint filed in the superior court; the third and fourth counts were embodied in the seventh and eighth counts of the 1991 complaint; and the fifth count was raised in the seventh and tenth counts of the complaint. The trial court did not err when it grounded the grant of the motion for injunctive relief on the principles of res judicata.

4. In S97A1656, Mitcham seeks reversal of the trial court's order finding him and his attorney jointly and severally liable to Blalock under OCGA § 9-15-14 (a) and (b) for $4,242.74 in attorney fees and expenses of litigation.

Although OCGA § 5-6-35 (a) (10) requires that an appeal of an award of attorney fees made pursuant to OCGA § 9-15-14 be preceded by the grant of a discretionary application, a direct appeal is

permitted "when it is appealed as part of a judgment that is directly appealable." *Haggard v. Bd. of Regents*, 257 Ga. 524 (4) (a) (360 SE2d 566) (1987) (award of attorney fees and expenses of litigation made pursuant to OCGA § 9-15-14 and reduced to judgment several months after judgment which is the basis of a direct appeal may be appealed directly and considered in conjunction with main appeal). See also *Stancil v. Gwinnett County*, 259 Ga. 507 (384 SE2d 666) (1989) (since § 9-15-14 attorney fee award made two months after directly appealable judgment was entered was appealed with other matters directly appealable, no application was necessary); and *Hallman v. Emory University*, 225 Ga. App. 247, 249-250 (483 SE2d 362) (1997) (§ 9-15-14 award directly appealable since attorney fees were also awarded pursuant to OCGA § 51-7-80, which is not statutorily subject to discretionary review). Thus, "a party aggrieved by a post-judgment OCGA § 9-15-14 award is required to comply with the discretionary appeal procedure of OCGA § 5-6-35 (a) (10) *only* in those instances where no direct appeal has been otherwise taken from the underlying judgment. [Cit.]" *Rolleston v. Huie*, 198 Ga. App. 49 (4) (400 SE2d 349) (1990). Consequently, we have jurisdiction of Mitcham's direct appeal from the attorney fee award entered pursuant to OCGA § 9-15-14 five months after the order which forms the basis of Mitcham's direct appeal in S97A0857.

5. Blalock sought the § 9-15-14 assessment due to Mitcham's opposition to Blalock's motion to enjoin the NASD arbitration proceedings, an action Blalock was forced to take when Mitcham declined to agree that the injunction procured by Blalock's co-defendant, Ingram, was applicable to Blalock and the other co-defendants. A letter sent by Blalock's counsel to Mitcham's counsel two weeks after Blalock filed the motion for injunctive relief warned that an assessment would be sought under § 9-15-14 should Mitcham require Blalock to continue to pursue separate injunctive relief. At the hearing on the § 9-15-14 motion, the trial court recalled the court's six-year history with Mitcham's litigation against appellees and agreed with Blalock that the injunction issued at his request "was virtually identical" to the previous order entered at co-defendant Ingram's request. Stating that the court had "the entire history and flavor of the litigation," the trial court found that "the litigation was vexatious and for the purpose of harassment" and awarded the requested attorney fees and expenses. Blalock's counsel testified that the amount sought constituted the expenses incurred with respect to seeking and obtaining the injunction.[3]

---

[3] A small portion of the expenses submitted to the trial court resulted from Blalock's efforts to obtain an injunction from the NASD arbitration panel. These expenses were

To the extent the trial court's award was based on § 9-15-14 (a), it must be sustained if there is any evidence to support it. *Haggard v. Bd. of Regents*, supra, 257 Ga. 524. To the extent the award was based on § 9-15-14 (b), it must be sustained unless the trial court abused its discretion. Id. The evidence outlined above was sufficient to support the trial court's award and establishes that the trial court's award was not an abuse of discretion. The trial court did not err in making the award.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*England & McKnight, Robert H. McKnight,* for appellant.
*John W. Ringo, Kutak Rock, Angela G. Miele, Charles L. Bradley,* for appellees.

---

incurred as a result of Mitcham's refusal to recognize that the Ingram injunction was also appropriate to Blalock.