## A01A1242. BRYAN COUNTY v. YATES PAVING & GRADING COMPANY, INC.
### (554 SE2d 584)

JOHNSON, Presiding Judge.

Bryan County and Yates Paving & Grading Company, Inc. entered into a written contract in which Yates agreed to construct and make improvements to public roads in a subdivision. After Yates began construction, the County ordered Yates to stop working and hired a third party to complete the project. Yates demanded arbitration as expressly provided for in the contract. On the day the arbitration hearing was to take place, however, the County withdrew from the proceedings. Contending that it did not have the requisite governmental authority to submit to binding arbitration proceedings, the County filed an action in superior court seeking a preliminary injunction, a stay of the arbitration proceedings, and a declaratory judgment. The superior court ruled in Yates' favor and ordered arbitration. The County then filed an application for interlocutory appeal, which we denied. After a hearing, an arbitration panel awarded Yates $430,335 plus fees. The superior court entered an order confirming the award. The County appeals from that order.

The County claims that the trial court erred in declaring the arbitration clause valid and enforceable when the County lacked the authority to enter into binding arbitration. According to the County, it committed an ultra vires act in entering into binding arbitration on behalf of a political body, since the state legislature has not granted counties such authority.

It is true that a county can exercise only such powers as are conferred on it by law, and a grant of such power to the county must be strictly construed; and a county can exercise no powers except those that are expressly given or are necessarily implied from the express grant of such other powers.[1] If there is a reasonable doubt as to whether it has a particular power, the doubt must be resolved in the negative.[2] These principles, however, do not demand a holding in favor of the County.

OCGA § 32-4-42 provides (in relevant part) that, with respect to its county road system, unless otherwise expressly limited by law, a county's powers include, but are not limited to: the authority to enter into contracts with any person for the construction, maintenance, administration, or operation of public roads or activities incident thereto;[3] the power to provide for specifications and other things necessary in constructing and maintaining a county road system, or any

---

[1] *Beazley v. DeKalb County*, 210 Ga. 41, 43 (77 SE2d 740) (1953).
[2] Id.
[3] OCGA § 32-4-42 (1).

activities incident thereto;[4] and the authority to adopt and enforce rules and to perform all other acts which are necessary, proper, or incidental to the efficient operation and development of the county road system.[5] Title 32 is to be liberally construed to this end: the efficient operation and development of the county road system.[6] Furthermore, any power vested in or duty placed on a county but not implemented by specific provisions for the exercise thereof may be executed and carried out by a county in a reasonable manner subject to such limitations as may be provided by law.[7]

Thus, the County is expressly authorized by law to enter into a contract for public roads, to do what is necessary, proper, or incidental to achieve the efficient operation and development of its roads, and to exercise its power to contract for roads in a reasonable manner. Considering the fact that public policy favors the use of arbitration as a means of resolving disputes,[8] the County's agreeing to submit disputes regarding the construction contract to arbitration is a reasonable exercise of its powers. Moreover, the County's authority to agree to arbitration is implied from the express grant of power to enter into road construction contracts. And, considering the statutory language that Title 32 is to be liberally construed, that a county's road system contract powers are not limited to those listed, and because we have been shown no law expressly prohibiting a county from agreeing to arbitration in road system construction contracts, we hold that the County is authorized to consent to arbitration as a means of resolving road construction contract disputes. In fact, the County's agreeing to submit disputes regarding a construction contract to arbitration (versus litigation) is a proper and reasonable means of assuring the efficient development of the public road system.

To support its argument to the contrary, the County points to specific provisions in the Official Code of Georgia that authorize arbitration in certain instances[9] and maintains that, in the absence of a statute specifically enabling arbitration in this type of case, a county

---

[4] OCGA § 32-4-42 (9).

[5] OCGA § 32-4-42 (10).

[6] Id.

[7] Id.

[8] *Haynes v. Fincher*, 241 Ga. App. 179, 181 (4) (525 SE2d 405) (1999).

[9] See OCGA §§ 36-71-10 (c) (a county impact fee ordinance may provide for resolution of fee disputes by arbitration); 48-5-24 (c) (1) (B) and 48-5-311 (f) (taxpayer not required to pay additional interest on unpaid taxes if, inter alia, the assessment is determined through arbitration); 48-8-89 (d) (3) (where county governing authority and political subdivisions are unable to agree on the use of certain taxes, they shall submit to alternative forms of dispute resolution); 36-70-25.1 (c) (if county and municipality cannot reach an agreement on a strategy for delivery of services, parties shall undergo some form of alternative dispute resolution).

cannot submit to binding arbitration. This argument, however, is unpersuasive given Title 32's express provision that a county has the power to enter into road construction contracts and the authority to exercise that power in a reasonable manner, *unless otherwise expressly limited by law*.[10]

The County also relies on *Local Division 732, Amalgamated Transit Union v. MARTA*,[11] in which the Supreme Court concluded that the transit authority acted outside of its authority by submitting an agreement to arbitration. In that case, MARTA consented to submit to arbitration the terms and conditions of a new collective bargaining agreement with the transit workers' union. The Supreme Court held that the transit authority was not authorized to submit this type of dispute to arbitration because it involved the formulation of new terms and conditions of employment; that function is an exercise in governmental decision-making, and an exercise of legislative authority *which cannot be delegated*.[12]

This case is different. The County did not have the ability to unilaterally decide this dispute arising from an existing agreement it entered into with a third party. Thus, the arbitration provision in question does not constitute a delegation of the County's *own* decision-making authority.

Inasmuch as the County did not exceed its authority in executing an agreement which provided for arbitration, the trial court did not err in holding that the arbitration clause was valid and enforceable.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 31, 2001 — ▮

*Quillian, Loncon & Edwards, Abda L. Quillian*, for appellant.
*Childs & Lewis, Leonard W. Childs, Jr., W. Reeves Lewis, Jr.*, for appellee.

---

[10] OCGA § 32-4-42.
[11] 253 Ga. 219 (320 SE2d 742) (1984).
[12] Id. at 222 (3) (a), n. 1.