A04A0072. YATES PAVING & GRADING COMPANY, INC.
v. BRYAN COUNTY.
(594 SE2d 756)

ELDRIDGE, Judge.

Yates Paving & Grading Company, Inc. ("Yates") appeals from an order of the Superior Court of Chatham County in which the court denied Yates' motion to compel further arbitration on the issue of attorney fees and costs incurred when Bryan County ("County") appealed an arbitration award arising from a road construction con-

tract between the parties. For the reasons that follow, we reverse the court below.

The County and Yates entered into a written contract, drafted by the County, to construct and make improvements to public roads in the Holly Hill subdivision in Richmond Hill. The contract included a termination clause which stated that, upon termination,

> CONTRACTOR shall be paid for all work executed and any expense sustained plus reasonable termination expenses, which will include, but not be limited to, direct, indirect, and consequential costs (including, but not limited to fees and charges of engineers, architects, attorneys and other professionals and court and arbitrations cost(s)).

In addition, the contract contained a binding arbitration clause which stated,

> All claims, disputes and other matters in question between OWNER and CONTRACTOR arising out of, or relating to the Contract Documents or the breach thereof . . . will be decided by arbitration.

After Yates began construction, the County terminated Yates' employment **and** hired a third party to complete the project. Yates demanded arbitration as expressly provided in the contract. By letter, Yates also put the County on notice of its intent to seek enforcement of its claims under the Georgia Prompt Pay Act, OCGA § 13-11-1 et seq., including its intent to seek attorney fees allowable under the Act, which states,

> In any action to enforce a claim under this chapter, the prevailing party is entitled to recover a reasonable fee for the services of its attorney including but not limited to trial and appeal and arbitration, in an amount to be determined by the court or the arbitrators, as the case may be.[1]

On the day in which the arbitration hearing was to take place, the County withdrew from the proceedings, claiming it did not have the requisite governmental authority to submit to binding arbitration. The County filed an action in superior court seeking a preliminary injunction, a stay of the arbitration proceedings, and a declaratory judgment. The trial court stayed the proceedings.

Yates then filed a counterclaim, seeking, inter alia, recovery of "costs and attorneys fees pursuant to the provisions of OCGA § 13-

---

[1] OCGA § 13-11-8.

11-1 et seq. [(Georgia Prompt Pay Act)]" and recovery of its costs and attorney fees under the provisions of the contract. In addition, Yates moved to lift the stay.

Thereafter, finding that the County had the authority to enter into the binding arbitration agreement contained in the contract, the trial court granted Yates' motion to lift the stay and ordered arbitration. No ruling was made on Yates' counterclaim. The County filed an application for interlocutory appeal, which this Court denied.

After a hearing, the arbitration panel awarded Yates $430,335 plus fees, including attorney fees incurred in furtherance of arbitration. The superior court entered an order confirming the award. The County appealed to this Court, again claiming it did not have the authority to enter into binding arbitration.[2] In affirming the superior court and the arbitration award, we recognized that arbitration was "expressly provided for in the contract" of construction between the parties,[3] and we further held that the County,

did not exceed its authority in executing an agreement which provided for arbitration, [and] the trial court did not err in holding that the arbitration clause was valid and enforceable.[4]

Subsequently, Yates filed a "Motion to Compel and Complete Arbitration Relating to Termination of Defendant's Contract." While the motion makes the general assertion that "[t]here remain issues for determination in this case relating to costs, fees, and other expenses incurred by Defendant as a result of Plaintiff's actions relating to such termination [of contract]," later pleadings clarify that Yates' motion is seeking "a second arbitration relating solely to the issue of attorney fees and costs incurred in defending [the original] arbitration award." The County contested additional arbitration, and, following an evidentiary hearing, the trial court issued an order finding,

The Court recognizes that the parties [sic] arbitration agreement included a provision for the award of attorney's fees and costs. However the Court does not find this provision to encompass the appeal related attorneys' fees sought by the Defendant's [sic] in this action.

---

[2] *Bryan County v. Yates Paving & Grading Co.*, 251 Ga. App. 441 (554 SE2d 584) (2001).

[3] Id. at 442.

[4] Id. at 443.

No factual or legal basis was given for the court's conclusion that the contract differentiated between pre-judgment and post-judgment attorney fees. The trial court further held that Yates should have sought attorney fees for "frivolous litigation" pursuant to OCGA § 9-15-14, or a "frivolous appeal" penalty in this Court pursuant to OCGA § 5-6-6. Consequently, the court denied Yates' motion for further arbitration on the issue of appellate attorney fees incurred in defense of the arbitration award. Yates appeals from this order. *Held*:

> A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. If the court determines there is no substantial issue concerning the validity of the agreement to submit to arbitration or compliance therewith and the claim sought to be arbitrated is not barred by limitation of time, the court shall order the parties to arbitrate.[5]

As we have previously determined in this case, the arbitration clause in the contract between the County and Yates is valid and enforceable.[6] This ruling establishes the "law of the case" and is binding on the trial court as well as on this Court.[7] And the valid arbitration clause at issue states that *all* claims, disputes, and "other matters" relating to the contract will be decided by arbitration.

> Where contract language is unambiguous, . . . construction is [un]necessary and the court . . . simply enforce[s] the contract according to its clear terms.[8]

Consequently, upon Yates' motion to compel further arbitration in order to resolve the parties' dispute as to the recovery of appellate attorney fees under the contract, the trial court's responsibility did not extend past its recognition that (a) the arbitration clause was valid and enforceable, (b) the arbitration agreement included a provision for the award of attorney fees, and (c) *all* disputes and other matters relating to the contract will be decided by arbitration. Accordingly, the trial court erred in finding that the contract provision entitling Yates to attorney fees did not include appeal-related

---

[5] OCGA § 9-9-6 (a).

[6] *Bryan County v. Yates Paving & Grading Co.*, supra at 442.

[7] See *Bryan v. Brown Childs Realty Co.*, 252 Ga. App. 502, 504 (1) (a) (556 SE2d 554) (2001) ("the law of the case rule is abolished; provided, however, that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be") (punctuation omitted).

[8] (Footnote omitted.) *Caswell v. Anderson*, 241 Ga. App. 703 (527 SE2d 582) (2000).

attorney fees. That contractual dispute should have been resolved by the arbitrators since, as the trial court recognized, the contract's arbitration clause — on its face — included a provision for the award of "attorney fees," without differentiation as to type.

> [W]hen the parties to a contract have agreed to submit [*all* disputes and other matters relating to the contract] to the arbitrator, the function of the court is very limited; it is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the party is right or wrong is a question of contract interpretation for the arbitrator. Any dispute between the parties to the contract as to the meaning, interpretation and application of the agreement is for the arbitrators.[9]

To obviate this result, the County claims that the action below is "complete," a final order has been entered thereon, and thus, no further motions relating to such action can be brought. We disagree. Yates' counterclaim was still pending. And contrary to the County's assertions, Yates' counterclaim sought to do more than simply compel arbitration, which was accomplished. The counterclaim also sought to enforce Yates' claims against the County under the Georgia Prompt Pay Act, OCGA § 13-11-1 et seq., regardless of whether such claims were litigated or arbitrated. Such statute expressly provides for the recovery of attorney fees incurred on appeal.[10] Any judgment entered with regard to the arbitration award cannot frustrate Yates' rights under his counterclaim.[11] Since Yates is entitled to seek appellate attorney fees under the Prompt Pay Act, and "[s]ince the parties' contract explicitly required arbitration of all disputes . . . the fee issue must be resolved by further arbitration."[12]

We reject the notion that Yates was required to assert his appellate attorney fee claim as a counterclaim in the prior arbitration proceeding.[13] While Yates asserted the Prompt Pay Act in the arbitration proceedings ("Yates has given notice to the County concerning imposition of interest and attorneys fees arising under OCGA § 13-11-1 et

---

[9] (Citations and punctuation omitted; emphasis supplied.) *ADC Constr. Co. v. McDaniel Grading, Inc.*, 177 Ga. App. 223, 227 (3) (338 SE2d 733) (1985). Accord *Phillips v. TermNet of New Mexico*, 260 Ga. App. 645 (580 SE2d 544) (2003).

[10] OCGA § 13-11-8. Compare *Brown v. Kent*, 274 Ga. 849, 850 (561 SE2d 89) (2002) (generally, expenses for defense of a suit are unavailable unless authorized by statute).

[11] OCGA § 9-11-54 (b). See also *Doman v. Stapleton*, 256 Ga. App. 383, 389 (2) (568 SE2d 509) (2002).

[12] *Doman v. Stapleton*, supra at 388-389 (1).

[13] Id. at 389 (2).

seq."), the appellate attorney fees sought to be recovered under the Act have been accrued since the arbitration award and in appeal thereof. Certainly, it was unknown at the time the counterclaim was filed whether the County would promptly pay any arbitration amounts awarded to Yates or pursue further legal avenues which would require defense of the award. A claim that did not exist at the time a counterclaim is filed but arises from subsequent acts can be asserted separately.[14]

We further reject the trial court's conclusion that Yates was limited to seeking either attorney fees for "frivolous litigation" before that court pursuant to OCGA § 9-15-14 or a "frivolous appeal" sanction in this Court pursuant to OCGA § 5-6-6 and Rule 15 (b) of the Rules of the Court of Appeals of Georgia.

In that regard, "OCGA § 9-15-14 does not authorize the imposition of attorney fees and expenses of litigation for proceedings before an appellate court of this state,"[15] and thus, the appellate attorney fees sought herein are not subject to recovery in state court under OCGA § 9-15-14. Further, "in addition to OCGA § 9-15-14, attorney fees could also be awarded under other 'existing principles of law.' "[16] Here, the attorney fees sought by Yates are recoverable under the Prompt Pay Act, thus making unnecessary the additional proof required by OCGA § 9-15-14 (a) that the County's claim is devoid of "any justiciable issue of law or fact."

As for a "frivolous appeal" penalty in this Court, the court below is quite correct that Yates did not try to obtain such sanction when this case was last before us. But we fail to see the nexus between seeking the imposition of a "frivolous appeal" penalty — capped at $1,000 under our Rules — and seeking the award of appellate attorney fees legitimately incurred in defense of an award under appeal; such fees are incurred regardless of whether an appeal is "frivolous" vel non. And since such appellate fees are recoverable under the Prompt Pay Act asserted in Yates' counterclaim, we see no basis for limiting Yates' recovery to a "frivolous appeal" penalty in this Court.

In sum, attorney fees are recoverable through arbitration.[17] While the trial court concluded that the contract at issue did not

---

[14] OCGA § 9-11-13 (a); *Ostroff v. Coyner*, 187 Ga. App. 109, 114 (3) (a) (369 SE2d 298) (1988).

[15] *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 728 (5) (409 SE2d 281) (1991), overruled on other grounds, *White v. Fulton County*, 264 Ga. 393, 394 (1) (444 SE2d 734) (1994). See also *Harkleroad v. Stringer*, 231 Ga. App. 464, 472 (6) (499 SE2d 379) (1998).

[16] (Citation omitted.) *MTW Investment Co. v. Alcovy Properties*, 228 Ga. App. 206, 211 (2) (491 SE2d 460) (1997).

[17] See, e.g., *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561, 562 (1) (422 SE2d 918) (1992).

"encompass the appeal related attorneys' fees sought by the Defendant's [sic] in this action," no legal or factual basis has been asserted for making a distinction between attorney fees incurred while obtaining an arbitration award and attorney fees incurred while defending an arbitration award; both actions were undertaken in order to recover under the contract. In the language of the contract, written by the County and construed most strongly against it as drafter,[18] the parties agreed that the issue of "attorney fees" — without differentiation as to type — would be subject to arbitration. Since the appeal-related attorney fees sought in this case were incurred through defending an arbitration award arising out of the contract and in an attempt to secure recovery of monies due under the contract, it is "a claim or dispute arising out of or relating to the contract" and thus subject to arbitration. Notably, with regard to arbitration,

> [a]n award of attorney fees on appeal serves [the] same purpose as [an] award of attorneys' fees for [the] confirmation stage, that is, encouraging early payment of valid arbitration awards and discouragement of nonmeritorious protracted confirmation challenges.[19]

*Judgment reversed. Ruffin, P. J., and Adams, J., concur.*

Decided February 12, 2004 

Leonard W. Childs, Jr., for appellant.
Henderson & Harvey, Michele M. Henderson, McCorkle, Pedigo & Johnson, David H. Johnson, for appellee.

---

[18] OCGA § 13-2-2 (5); *Hertz Equip. Rental Corp. v. Evans*, 260 Ga. 532, 533 (397 SE2d 692) (1990).

[19] Howard, Awarding Attorneys' Fees in Connection with Arbitration, 60 ALR5th 669, § 5.