A05A1246. YATES PAVING & GRADING COMPANY, INC.
v. BRYAN COUNTY et al.
(620 SE2d 606)

MIKELL, Judge.

Yates Paving & Grading Company, Inc., appeals from a trial court's order granting summary judgment to Bryan County on the res judicata effect of a previous arbitration and enjoining Yates from conducting any additional arbitration proceedings in connection with claims Yates presented in a previous arbitration. Because the res judicata effect of the first arbitration award falls within the scope of the parties' agreement to arbitrate, the arbitrator should decide this issue, not the trial court. Therefore, we reverse.

This is the third appearance of these parties before this Court. In *Bryan County v. Yates Paving & Grading Co.*, 251 Ga. App. 441 (554 SE2d 584) (2001), we affirmed the trial court's confirmation of an arbitration award in favor of Yates. In a subsequent appeal, we reversed the trial court, finding that Yates was entitled to further arbitration on the issue of attorney fees and costs arising from Yates' defense of the original arbitration award on appeal. *Yates Paving & Grading Co. v. Bryan County*, 265 Ga. App. 578 (594 SE2d 756) (2004). The current appeal arises out of Yates' third request for arbitration with Bryan County.

All of these cases are rooted in a written contract between the County and Yates, in which Yates agreed to construct and make improvements to public roads in a subdivision. When the County ordered Yates to stop working and hired a third party to complete the project, Yates demanded arbitration and won an award which was confirmed by the trial court and on appeal. *Bryan County*, supra.

Almost three years later, Yates filed its third demand for arbitration under the contract and sought damages for the County's "wrongful call of the Bond instruments." Yates asserted that the County's conduct resulted in the surety denying any further bonds to Yates and thereby precluding Yates' ability to bid on government contracts requiring bonds. The County's insurer then filed a declaratory action alleging it was uncertain of its duty to provide a defense

to the County in the third arbitration. The insurer named the County, Yates, and the American Arbitration Association, Inc., as defendants, and sought a stay of arbitration pending resolution of its duty to defend and provide the County with insurance coverage.[1]

The County answered and asserted a cross-claim against Yates, asserting that the doctrine of res judicata barred Yates' request for arbitration of damages caused by the bond recall. The County also requested that the court issue a permanent injunction against the third arbitration filed by Yates. In its answer to the cross-claim, Yates asserted that the issue should be arbitrated.

After taking a deposition of Yates pursuant to OCGA § 9-11-30 (b) (6), the County moved for summary judgment on its claim that res judicata barred Yates' request for arbitration of the bond issue. In the same motion, the County sought a permanent injunction against the arbitration proceeding based on its claim of res judicata. The insurer also moved for summary judgment, arguing that it had no duty to defend or provide coverage for the arbitration of the bond issue. Yates opposed the motions and sought an order compelling arbitration.

Following a hearing on the motions, the trial court issued an order granting summary judgment to the County on its res judicata cross-claim and entered a permanent injunction precluding arbitration of the bond issue. It denied Yates' motion to compel arbitration and determined that the insurer's summary judgment motion and declaratory judgment action were moot.

In related enumerations of error, Yates asserts that the trial court erred by ruling on the issue of res judicata because this issue was one for the arbitrators to decide. The issue of whether the trial court, or an arbitrator, decides the res judicata effect of a prior arbitration award on a subsequent arbitration is one of first impression in this state.

The County asserts that this is not an issue of first impression and that the outcome is controlled by the Supreme Court's decision in *Mitcham v. Blalock*, 268 Ga. 644, 645 (1) (491 SE2d 782) (1997). We disagree. In *Mitcham*, the plaintiff sought arbitration in a separate proceeding after the trial court had already entered summary judgment on the merits in favor of the defendants in a court action. The Supreme Court found "that the trial court [is] empowered to protect the judgment it had entered in [the plaintiff's] lawsuit . . . by enjoining

---

[1] Although not supported by the record before us, the insurer asserted below that the trial court orally granted a stay of the arbitration pending a determination of the insurer's duty to defend and provide coverage to the County. Neither a transcript of the hearing nor a written order granting the stay on this ground appears in the record.

an arbitration proceeding on the grounds of res judicata and collateral estoppel." Id. In the instant case, the trial court was not protecting its own judgment on the merits, but rather a confirmed arbitration award. Because the facts of this case differ from those presented to the Supreme Court in *Mitcham,* supra, its opinion in that case does not control the outcome here, and we are presented with an issue of first impression.

Other jurisdictions who have been presented with this issue draw a distinction between the power of a court to protect its own judgment versus a judicially confirmed arbitration award. See, e.g., *Chiron Corp. v. Ortho Diagnostic Systems,* 207 F3d 1126, 1132-1134 (II) (9th Cir. 2000). See also *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Benjamin,* 766 NYS2d 1 (App. Div. 2003); *Baker, P.C. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 821 S2d 158 (Ala. 2001); *Broadscape.com v. KDS USA,* 2001 U. S. Dist. LEXIS 14609 (E.D. La. 2001). "Where a court's judgment is at issue, policy considerations mandate that it be left to the court in the first instance to decide the preclusive effect" of the judgment on a subsequent arbitration. *Benjamin,* supra at 45.

When the res judicata effect of a previous arbitration award is at issue, the analysis differs. As the Ninth Circuit noted, the policy considerations in favor of allowing a court to protect its judgments do not apply to arbitration awards:

> [t]his justification rests on the presumption that the court issuing the original decision is best equipped to determine what was considered and decided in that decision and thus what is or is not precluded by that decision. The policy underlying these decisions is not served in this case, however, when the district court merely confirmed the decision issued by another entity, the arbitrator, and was not uniquely qualified to ascertain its scope and preclusive effect.

*Chiron Corp.,* supra at 1134 (II). See also *Independent Lift Truck Builders Union v. NACCO Materials Handling Group,* 202 F3d 965, 968 (II) (A) (7th Cir. 2000) (it is "well-established that 'the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider' ") (citations omitted). Accord *City School District of the City of Tonawanda v. Tonawanda Ed. Assn.,* 63 NY2d 846 (472 NE2d 34) (1984). The Ninth Circuit also noted that while a confirmed arbitration award has the same force and effect as a court judgment for enforcement purposes, it "is qualitatively different from a judgment in a court proceeding" and "not wholly parallel to a court judgment for all purposes." *Chiron Corp.,* supra at 1133-1134.

Courts also reason that allowing an arbitrator to decide the preclusive effect of a previous arbitration award is consistent with the party's contractual agreement to arbitrate. See, e.g., *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F3d 132, 139-140 (III) (A) (2) (3rd Cir. 1998); *Broadscape.com*, supra. Thus, when the contract between the parties states that the arbitrator's award shall be final and there is an agreement that the arbitrator shall decide all issues relating to the contract, the res judicata effect of "the prior arbitration is an issue to be arbitrated and is not to be decided by the courts." *John Hancock*, supra at 140 (III) (A) (2). See also *Independent Lift Truck Builders Union*, supra at 968.

The contract at issue here provided that "[t]he award rendered by the arbitrators will be final," and it also provided that "[a]ll claims, disputes and other matters in question between [the parties] arising out of, or relating to the Contract Documents . . . will be decided by arbitration." As we have previously decided that the arbitration clause at issue here is valid and enforceable,[2] the res judicata effect of the final award issued in the first arbitration should be decided by the arbitrators because it arises out of the contract. As a result, the trial court erred when it granted summary judgment and a permanent injunction to the County and denied Yates' motion for an order compelling arbitration of the issue.[3]

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 1, 2005 — 

*Leonard W. Childs, Jr.*, for appellant.

*Brannen, Searcy & Smith, David R. Smith, Joseph Y. Rahimi II, Brown, Rountree & Stewart, Charles H. Brown, McCorkle, Pedigo & Johnson, David H. Johnson*, for appellees.

---

[2] *Bryan County*, supra at 443.

[3] Our opinion does not address the propriety of any stay of the arbitration pending resolution of the insurance coverage issues in the declaratory judgment action because there is no record of any such stay in the record before us, and Yates did not enumerate it as error.