S06G0119. BRYAN COUNTY v. YATES PAVING & GRADING COMPANY, INC. et al.
(638 SE2d 302)

MELTON, Justice.

We granted certiorari in this case to determine whether the Court of Appeals erred by holding that an arbitrator, rather than a court, should determine the res judicata effect of a previous arbitration on a subsequent arbitration. *Yates Paving & Grading Co. v. Bryan County*, 275 Ga. App. 347 (620 SE2d 606) (2005). Because the application of res judicata involves a matter that the parties did not expressly intend to be resolved only by an arbitrator, we reverse the Court of Appeals.

The underlying dispute in this case arises from a public works contract between Bryan County and Yates Paving & Grading Company, Inc. ("Yates"). Pursuant to the contract, Yates agreed to construct and make improvements to public roads within a Bryan County subdivision. The County thereafter ordered Yates to halt construction and hired a third party to complete the project. Yates filed a demand for arbitration and, after a full hearing, won an award of monetary damages, which was confirmed by the trial court and affirmed on appeal.[1] See OCGA § 9-9-12; *Bryan County v. Yates Paving & Grading Co.*, 251 Ga. App. 441 (554 SE2d 584) (2001).

Three years later, Yates filed another demand for arbitration under the contract, claiming the County's wrongful conduct rendered Yates unable to bid on other government contracts. Bryan County answered and asserted in a cross-claim that the new claims for damages were barred by the doctrine of res judicata because they were not raised in the first arbitration. Bryan County filed a motion for summary judgment on its claim that res judicata barred the demand for arbitration and, following a hearing, the trial court granted summary judgment to Bryan County and denied Yates' motion to compel arbitration. The Court of Appeals reversed, holding that because the res judicata effect of the first arbitration award fell within the scope of the parties' agreement to arbitrate, the arbitrator, not the court, should have decided whether the arbitration was barred by res judicata. *Yates Paving & Grading Co. v. Bryan County*, supra, 275 Ga. App. 347.

Despite the existence of a valid arbitration agreement, a trial court must determine whether the claims covered by the agreement are actually arbitrable before submitting them to an arbitrator. *AT&T Technologies v. Communications Workers of America*, 475 U. S. 643, 649 (II) (106 SC 1415, 89 LE2d 648) (1986) ("[T]he question of arbitrability . . . is undeniably an issue for judicial determination . . . [u]nless the parties clearly and unmistakably provide otherwise."). In fulfilling this gatekeeping duty, the trial court "shall not consider whether the claim with respect to which arbitration is sought is tenable nor otherwise pass upon the merits of the dispute." OCGA § 9-9-4 (d). This does not mean, however, that a trial court is prohibited from considering certain procedural mechanisms that may eliminate substantive claims from consideration by an arbitrator, even though such mechanisms would effectively dispose of the underlying claims on the merits. See OCGA § 9-9-5 (a) (trial court has discretion

---

[1] In a second appeal, the Court of Appeals reversed the trial court, finding that Yates was entitled to further arbitration to determine attorney fees and costs resulting from the County's appeal. *Yates Paving & Grading Co. v. Bryan County*, 265 Ga. App. 578 (594 SE2d 756) (2004).

to determine whether "a claim sought to be arbitrated would be barred by limitation of time had the claim sought to be arbitrated been asserted in court.").

Res judicata acts as a procedural bar to claims that were raised or could have been raised in a prior action. *Walker v. Penn*, 271 Ga. 609 (1) (523 SE2d 325) (1999); OCGA § 9-12-40. As a procedural bar, res judicata operates to eliminate substantive claims, but it does not do so by reaching the merits of those claims. See OCGA § 9-12-40. Indeed, the merits have already been or should have been resolved in the prior lawsuit. Thus, the trial court here was not passing on the merits of appellee's underlying arbitration claims by applying res judicata. It was merely fulfilling its gatekeeping role to determine whether any arbitrable claim had been presented in the current action. Where the claims presented are barred by res judicata, no arbitrable claims remain to be submitted to an arbitrator.

The language in the arbitration agreement providing that "[a]ll claims, disputes and other matters in question between [the parties] arising out of, or relating to the Contract Documents . . . will be decided by arbitration," does not indicate that the parties expressly intended only for an arbitrator to resolve the issue of res judicata, which is a principle of law that does not arise out of the contract documents. See *Waterfront Marine Constr. v. North End 49ers Sandbridge Bulkhead Groups A, B and C*, 251 Va. 417, 425-426 (I) (B) (468 SE2d 894) (1996). Res judicata is not a claim "arising out of or relating to" the parties' contractual arrangement, but a procedural bar to claims that have already arisen and been resolved by prior arbitration. Id. at 432-433 (II) (B) (1). As noted above, when res judicata applies to procedurally bar a claim, the trial court does not even reach the merits or lack thereof of the substantive claim that a party has attempted to raise. Because arbitration has already taken place on the issues that were previously raised, there is nothing left for an arbitrator to resolve relating to those same issues.[2]

Moreover, the purpose of arbitration is to provide a swift and inexpensive means for parties to resolve their disputes. See *Greene v.*

---

[2] *Howsam v. Dean Witter Reynolds, Inc.*, 537 U. S. 79 (123 SC 588, 154 LE2d 491) (2002), does not compel a different result. *Howsam* deals specifically with a six-year time bar under rules promulgated by the National Association of Securities Dealers (NASD). The parties in *Howsam* expressly agreed to have their dispute arbitrated before the NASD, and the United States Supreme Court accordingly held that "the NASD arbitrators, comparatively more expert about the meaning of their own rule [than the courts], [were] comparatively better able to interpret and to apply it." Id. at 85 (II). Here, there is no presumption that an arbitrator is in a better position than a court to apply a legal doctrine such as res judicata; the parties did not expressly reserve the issue for arbitration; and there is no presumption under Georgia law that the application of a procedural bar such as res judicata is a matter to be determined exclusively by an arbitrator. See, e.g., OCGA § 9-9-5 (a).

*Hundley*, 266 Ga. 592, 597 (3) (468 SE2d 350) (1996). That goal was accomplished once the parties took their claims to arbitration the *first* time. The arbitration agreement itself even emphasizes that "[t]he award rendered by the arbitrators will be final." Extending the process further by requiring that the trial court send the procedural matter of res judicata to arbitration in this case, absent the parties' express agreement that the matter be submitted to arbitration, defeats that purpose. The trial court properly fulfilled its gatekeeping role, and further served the overall purpose of Georgia's Arbitration Code, in considering whether appellee's claims were procedurally barred by res judicata without referring the matter to an arbitrator. We therefore reverse the judgment of the Court of Appeals requiring that the matter of res judicata be resolved by additional arbitration in this case.[3]

*Judgment reversed. All the Justices concur, except Sears, C. J., Hunstein, P. J., and Benham, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

At a time when both the legislature and courts of this State are encouraging participation in arbitration as a means of providing a more efficient and less costly means of resolving disputes, a majority of this Court ignores the arbitration scheme established by the legislature, the policy favoring arbitration of disputes, and the language of the parties' arbitration agreement and holds that a claim of res judicata raised in defense to a dispute under the contract is not an arbitrable issue. Consistent with the provisions of the Georgia Arbitration Code limiting the issues to be considered by trial courts when ruling on motions to compel arbitration and the parties' agreement to refer to arbitration all of the claims, disputes, and other matters arising out of or relating to the public works contract, I would agree with the Court of Appeals and hold that the applicability of Bryan County's res judicata defense was an issue to be decided by the arbitrator. Accordingly, I respectfully dissent.

The Georgia Arbitration Code, OCGA § 9-9-1 et seq. ("GAC"), provides that "[a] written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit any

---

[3] The dissent asserts that this Court has "ignore[d] the arbitration scheme established by the legislature, the policy favoring arbitration of disputes, and the language of the parties' arbitration agreement [in holding that] a claim of res judicata raised in defense to a dispute under the contract is not an arbitrable issue." This assertion is untrue. As has been addressed in our opinion, the legislature has made clear that only those claims covered by an arbitration agreement are arbitrable; the policy of Georgia's Arbitration Code is not served, but undermined, by forcing trial courts to submit procedurally barred matters to arbitration that fall outside the scope of the parties' agreement; and res judicata is not an arbitrable issue under the language of the agreement *in this case.* We do not hold, nor do we imply in our opinion, that res judicata can never be an issue for arbitration.

controversy thereafter arising to arbitration is enforceable without regard to the justiciable character of the controversy." OCGA § 9-9-3. Under the GAC, the court's review of a motion to compel arbitration is limited to deciding two issues: whether a valid agreement to arbitrate exists and whether the claim in dispute is arbitrable under the language of the arbitration agreement. OCGA §§ 9-9-2 (c), 9-9-3, 9-9-6.[4] All other issues, whether procedural or substantive, are to be submitted to the arbitrator for consideration. See OCGA §§ 9-9-3, 9-9-4 (d). In this case, it is well-established that the parties' agreement to arbitrate is valid, see *Bryan County v. Yates Paving & Grading Co.*, 251 Ga. App. 441, 443 (554 SE2d 584) (2000), and that the claim underlying the dispute is arbitrable under the language of that agreement. Thus, the two issues for the trial court under the GAC already have been decided in this case.

The majority, however, rejects the legislature's determination that all other issues are for the arbitrator and instead creates a new, judicially imposed issue for courts to resolve. Ignoring both the State policy favoring arbitration of disputes and the language of the GAC restricting the role of the court where parties agree to arbitrate, the majority justifies its holding on three separate bases. The majority first argues that trial courts are authorized to consider issues of res judicata because application of the doctrine is a procedural issue not requiring courts to determine the merits of the underlying dispute. This holding, however, directly contravenes OCGA § 9-9-4 (d), the statute prohibiting courts from considering either the *tenability* or the merits of a claim with respect to which arbitration is sought.

The majority opinion further concludes that the issue of res judicata was for the court to decide because that issue did not arise out of or relate to the contract documents. That conclusion is not supported by the record. The parties' arbitration agreement provides that "all claims, disputes and other matters in question between [the parties] arising out of, or relating to the Contract Documents or the breach thereof will be decided by arbitration." The dispute in this case, as properly framed by the complaint, was whether Yates was entitled to damages based on Bryan County's allegedly wrongful conduct under the public works contract. In defense, Bryan County argued that Yates' claim for damages was precluded under the doctrine of res judicata. Clearly, a defense to a claim for damages under the contract arises out of or is related to the contract documents, regardless of whether such defense requires the court or

[4] When raised by the parties, the legislature also granted trial courts limited discretion to consider whether the claim sought to be arbitrated is barred by limitation of time. OCGA § 9-9-5 (a).

arbitrator to reach the merits of the underlying claim. Moreover, the majority opinion's similar conclusion that nothing in the language of the parties' arbitration agreement indicates that the parties intended the arbitrator to resolve res judicata issues turns on their head general rules of statutory construction. The broad and comprehensive scope of the parties' arbitration agreement, requiring arbitration of *all* issues between the parties in any way arising out of or related to the contract, cannot reasonably be interpreted to mean that the parties intended to refer to arbitration all claims, disputes or other matters *except* issues of res judicata. In this regard, parties intending to refer to arbitration all issues and claims pertaining to a particular dispute or transaction are forewarned that to successfully do so it no longer is sufficient to agree to arbitrate "all claims, disputes and other matters in question."

Finally, the majority opinion concludes that courts should decide issues of res judicata because requiring a court to submit such issues to arbitration would extend the process of resolving disputes. The majority, however, fails to explain how courts, with their heavy caseloads and formal evidentiary requirements, are better able than arbitrators to quickly and inexpensively decide issues of res judicata. This is especially true where, as in this case, the proceeding giving rise to the claim of res judicata took place *not* in the trial court, but in a previous arbitration. In such cases, the arbitrator would be in at least as good a position, if not better, than the court to determine whether the specific claim was or could have been raised in the prior arbitration proceeding. Instead, the majority opinion eliminates the efficiencies created by the legislature by requiring courts to consider not only the enforceability and scope of the parties' arbitration agreement, but also the potential affect of every asserted defense to determine whether it is or could be dispositive of the underlying claim.

Given that the GAC was drafted in large part to mirror the Federal Arbitration Act, 9 USC § 1 et seq. ("FAA"), and the express admonition in the GAC that "[i]n determining any matter arising under this part, the court shall not consider whether the claim with respect to which arbitration is sought is tenable nor otherwise pass upon the merits of the dispute," OCGA § 9-9-4 (d), I would follow the rationale of the United States Supreme Court in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U. S. 79 (123 SC 588, 154 LE2d 491) (2002), and hold that issues of procedural arbitrability are presumptively for the arbitrator.[5]

---

[5] That is not to say that parties could not agree as part of their arbitration agreement that procedural issues bearing on the final disposition of the dispute are to be reserved for judicial determination. Arbitration is a matter of contract, and parties are free to agree who shall

Applying this rationale,[6] I would conclude that a claimed defense of res judicata does not present a "gateway dispute" about whether the agreement to arbitrate is valid or whether the particular claim in dispute falls within the scope of the agreement. Rather, it is a question, like waiver, delay, laches, and estoppel, that bears on the final disposition of the parties' dispute and, as such, presents an issue of procedural arbitrability for the arbitrator to decide. See *Klay v. United HealthGroup, Inc.*, 376 F3d 1092, 1109 (11th Cir. 2004) (courts are empowered to resolve disputes solely involving whether claim should be resolved in court or arbitration; arbitrator is empowered, absent contrary agreement, to determine whether particular claim may be successfully litigated at all due to statute of limitations, laches, justiciability, etc.).

I am authorized to state that Chief Justice Sears and Justice Benham join this dissent.

DECIDED NOVEMBER 30, 2006.

*McCorkle, Pedigo & Johnson, David H. Johnson, Crown, Rountree & Stewart, Charles H. Brown*, for appellant.
*Leonard W. Childs, Jr., Brannen, Searcy & Smith, David R. Smith, Joseph Y. Rahimi II*, for appellees.

---

resolve particular disputes. See *Galindo v. Lanier Worldwide, Inc.*, 241 Ga. App. 78, 83 (526 SE2d 141) (1999) (who decides issue of arbitrability depends upon parties' intent in arbitration agreement); *North Augusta Assoc. Ltd. Partnership v. 1815 Exchange, Inc.*, 220 Ga. App. 790 (2) (469 SE2d 759) (1996) (agreement to arbitrate is simply contract matter between parties). In light of the general presumption that such procedural questions are for the arbitrator, as well as the broad State and Federal policies favoring arbitration, however, I would hold that to successfully do so parties must include in the arbitration agreement clear and unmistakable language indicating their intent to have a court, rather than an arbitrator, interpret and apply the doctrine of res judicata. See *Howsam*, supra, 537 U. S. at 85.

[6] Because courts have unique and well-established interests in preserving and enforcing their own judgments, interests which do not attach to the same degree to confirmation of arbitration awards, I would limit application of this presumption to cases in which the proceeding giving rise to a claim of res judicata involved a prior arbitration. See OCGA §§ 9-9-12, 9-9-13 (arbitration award may be vacated by trial court only if arbitrator exceeds authority or manifestly disregards law or award procured by fraud).