A05A1246. YATES PAVING & GRADING COMPANY, INC.
v. BRYAN COUNTY.
(652 SE2d 851)

MIKELL, Judge.

In *Yates Paving & Grading Co. v. Bryan County*,[1] Yates Paving & Grading Company, Inc. ("Yates") appealed from the trial court's order granting summary judgment to Bryan County (the "County") on the res judicata effect of a previous arbitration and enjoining Yates from conducting any additional arbitration proceedings in connection with claims Yates presented in a previous arbitration. We reversed the trial court, concluding that because the res judicata effect of the first arbitration award falls within the scope of the parties' agreement to arbitrate, the arbitrator should decide this issue, not the trial court.[2] The Supreme Court granted certiorari and reversed, finding that the application of res judicata involves a matter that the parties did not

---

[1] 275 Ga. App. 347 (620 SE2d 606) (2005) (hereinafter *"Yates Paving III"*).
[2] See id. at 350.

expressly intend to be resolved only by an arbitrator.[3] Accordingly, we vacate our earlier opinion and adopt the judgment of the Supreme Court as our own.

1. In light of the Supreme Court's ruling, Yates filed a motion for leave to file supplemental brief and motion for further consideration of appellant's enumeration of error following issuance of remittitur by the Supreme Court, contending that we did not address the merits of the res judicata determination. The County responded, questioning whether Yates properly challenged the underlying merits of the trial court's ruling in its initial brief to this Court. Because we find that Yates's initial brief addressed the merits, we grant the motion for further consideration, but deny the motion to file a supplemental brief expounding on the issue Yates claims was properly raised in its initial brief.

2. Keeping in mind our Supreme Court's ruling that a trial court must determine whether the claims sought to be arbitrated are subject to res judicata, we now address the merits of the trial court's grant of summary judgment to the County and affirm.

In *Yates Paving III*,[4] we set forth the relevant procedural history and material facts as follows:

> In *Bryan County v. Yates Paving & Grading Co.*, 251 Ga. App. 441 (554 SE2d 584) (2001) [(hereinafter "*Yates Paving I*")], we affirmed the trial court's confirmation of an arbitration award in favor of Yates. In a subsequent appeal, we reversed the trial court, finding that Yates was entitled to further arbitration on the issue of attorney fees and costs arising from Yates' defense of the original arbitration award on appeal. *Yates Paving & Grading Co. v. Bryan County*, 265 Ga. App. 578 (594 SE2d 756) (2004) [(hereinafter "*Yates Paving II*")]. The current appeal arises out of Yates'[s] third request for arbitration with Bryan County. All of these cases are rooted in a written contract between the County and Yates, in which Yates agreed to construct and make improvements to public roads in a subdivision. When the County ordered Yates to stop working and hired a third party to complete the project, Yates demanded arbitration and won an award[,] which was confirmed by the trial court and on appeal. [*Yates Paving I*], supra. Almost three years later,

---

[3] *Bryan County v. Yates Paving & Grading Co.*, 281 Ga. 361 (638 SE2d 302) (2006) (hereinafter "*Yates Paving IV*").

[4] Supra.

Yates filed its third demand for arbitration under the contract and sought damages for the County's "wrongful call of the Bond instruments." Yates asserted that the County's conduct resulted in the surety denying any further bonds to Yates and thereby precluding Yates'[s] ability to bid on government contracts requiring bonds. [Association of County Commissioners of Georgia — Risk Management Agency ("ACCG-RMA"),] [t]he County's insurer[,] then filed a declaratory action alleging it was uncertain of its duty to provide a defense to the County in the third arbitration. The insurer named the County, Yates, and the American Arbitration Association, Inc., as defendants, and sought a stay of arbitration pending resolution of its duty to defend and provide the County with insurance coverage. The County answered and asserted a cross-claim against Yates, asserting that the doctrine of res judicata barred Yates'[s] request for arbitration of damages caused by the bond recall. The County also requested that the court issue a permanent injunction against the third arbitration filed by Yates. In its answer to the cross-claim, Yates asserted that the issue should be arbitrated. After taking a deposition of Yates pursuant to OCGA § 9-11-30 (b) (6), the County moved for summary judgment on its claim that res judicata barred Yates'[s] request for arbitration of the bond issue. In the same motion, the County sought a permanent injunction against the arbitration proceeding based on its claim of res judicata. The insurer also moved for summary judgment, arguing that it had no duty to defend or provide coverage for the arbitration of the bond issue. Yates opposed the motions and sought an order compelling arbitration. Following a hearing on the motions, the trial court issued an order granting summary judgment to the County on its res judicata cross-claim and entered a permanent injunction precluding arbitration of the bond issue. It denied Yates'[s] motion to compel arbitration and determined that the insurer's summary judgment motion and declaratory judgment action were moot.[5]

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine

---

[5] (Footnote omitted.) Id. at 347-348.

issue of fact remains and whether the moving party is entitled to judgment as a matter of law.[6]

OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." The doctrine of res judicata applies to arbitration proceedings[7] and

prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action. In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exists between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action.[8]

Res judicata applies "even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added."[9] "[I]t is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid."[10] The party asserting the defense of res judicata must introduce "those parts of the record of the prior proceeding, duly certified, which are necessary to prove the defense."[11]

As an initial matter, we reject Yates's claim that the trial court's ruling was improper because the present action is a declaratory judgment action initiated by ACCG-RMA, which was not a party to the original arbitration. For purposes of res judicata, ACCG-RMA is the County's privy so as to have an identity of parties.[12] Moreover, we

---

[6] (Citation omitted.) *Sani-Agri Svcs. v. City of Albany*, 278 Ga. App. 432, 433 (629 SE2d 15) (2006).

[7] See *Dalton Paving & Constr. v. South Green Constr. of Ga.*, 284 Ga. App. 506, 508 (643 SE2d 754) (2007); *Bennett v. Cotton*, 244 Ga. App. 784, 785 (1) (536 SE2d 802) (2000).

[8] (Footnote omitted.) *Green v. Bd. of Directors of Park Cliff Unit Owners Assn.*, 279 Ga. App. 567, 569 (2) (631 SE2d 769) (2006).

[9] (Punctuation omitted.) *Dalton Paving*, supra, citing *Bennett*, supra.

[10] (Citation omitted; emphasis in original.) *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998).

[11] *Boozer v. Higdon*, 252 Ga. 276, 277 (1) (313 SE2d 100) (1984).

[12] See *Cincinnati Ins. Co. v. MacLeod*, 259 Ga. App. 761, 765 (4) (a) (577 SE2d 799) (2003) ("[a] party's insurer stands in the shoes of the insured as to identity of parties or privies") (citations omitted).

note that Yates conceded this point in its response to the County's motion for summary judgment. As to the second element of res judicata, Yates contends that because the pending arbitration concerns lost incomes arising from the wrongful calling of the Bond and not termination issues, there is no identity of subject matter. We disagree. Both claims arose out of the County's wrongful termination of the construction contract, a fact Yates essentially admitted in a letter to the County's attorneys:

> The County's . . . calling of the Bond based upon an erroneous conclusion constitutes a breach of the contract. By contract, the County's right to call the present Bond is solely premised upon the existence of a default by Yates. The fact that no such Contractor default exists makes the County's call of that Bond a cardinal breach of the contract entitling Yates to all damages reasonably accruing as a result of the County's wrongful actions.

The letter continues, "[i]t similarly follows that [the] County's subsequent calling of the Aegis Bond was in error, and that the call constituted a cardinal breach of the contract."[13] Moreover, to the extent Yates argues that its claim for lost income could not have been included in the original arbitration, this assertion is belied by the record.[14] As stated previously, res judicata prevents re-litigation of matters that *could have been* litigated in a previously-adjudicated action.[15] Yates's Secretary and Chief Operating Officer, Ston Yates, testified that as of September 22, 1999, Yates had been hurt by the calling of the bond and that as of August 21, 2000, the County had destroyed Yates's bonding capacity.[16] In fact, the record shows, and Yates admits, as discussed infra in this division, that the issue was raised during the original arbitration. In its Final Argument and

---

[13] The construction contract between the County and Yates provided that "[a]ll claims, disputes, and other matters in question between OWNER and CONTRACTOR arising out of, or relating to the Contract Documents or the breach thereof will be decided by arbitration." See, e.g., *Bennett,* supra at 786 (1) (affirming grant of summary judgment on the ground of res judicata where construction contract's arbitration clause expressly covering " 'all claims or disputes . . . arising out of or relating to the contract documents, or the breach thereof' " was broad enough to include plaintiff's claims for fraud and deceit not brought in a previous arbitration proceeding).

[14] Compare *Raymer v. Foster & Cooper, Inc.,* 195 Ga. App. 200, 202 (1) (b) (393 SE2d 49) (1990) (doctrine of res judicata inapplicable where claim at issue in second arbitration had not been presented at the first arbitration and would have been premature at that proceeding).

[15] *Green,* supra. See also *Doman v. Banderas,* 231 Ga. App. 229, 232-233 (1) (499 SE2d 98) (1998); *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.,* 220 Ga. App. 394, 396-397 (2) (469 SE2d 466) (1996).

[16] The arbitration occurred in August 2000, concluding on August 24, 2000.

Citation to Record, Yates asserted that "[t]he County's failure in effecting even *minimal contract administration standards* has resulted in Yates' virtual *ruination* and the near total destruction of its twenty-five (25) year Construction Contract reputation." (Emphasis in original.) After cataloguing the costs incurred as a result of the County's wrongful termination, Yates further asserted that "[t]he Panel nonetheless, should realize that Yates has essentially lost its right to contract. As any competent Contract professional will attest and is aware, bonding capacity is the essence of the ability to contract. In this case, Bryan County has destroyed Yates' bonding capacity." As to the third element, a certified copy of the arbitration record shows that Yates was awarded $430,335 in full settlement of all claims and counterclaims submitted for arbitration.

The crux of Yates's appeal is that its claim for lost income arising from the wrongful calling of the Bond is not precluded by the doctrine of res judicata because the arbitration panel specifically directed — and the parties agreed — that the original arbitration would be limited to termination issues for several reasons, including that any claims relating to the call of the Bond were not ripe for consideration. In support of this contention, Mr. Yates averred that "[d]uring the course of [an arbitration] Pre-Hearing Conference, it was noted and agreed that the then scheduled hearing would be limited to issues regarding termination[,]" and that

> [p]rior to the [arbitration] hearing and as part of the pre-hearing process, the Panel issued express directions that the issues involved in such arbitration were to be limited to the termination for default issues. YATES specifically raised concerns regarding lost income and interference arising from the call of the Bond and the necessity for presenting evidence relating to those costs and entitlements through accounting experts. After discussion and following the agreement of the Parties, the Panel directed that any and all evidence relating to such lost income and interference claims *would not* be considered as a part of the termination arbitration.

(Emphasis in original.) The attorneys representing the County during the original arbitration categorically denied that any such agreement or limitation of issues or of evidence took place.

Even assuming for the sake of argument that Mr. Yates's affidavit testimony is true (despite the complete absence of evidence of such agreement/limitation in the certified record), and that a factual issue exists as to whether Yates was precluded from arbitrating the issue of lost income arising from the wrongful calling of the Bond, this

testimony does not compel reversal of the trial court's order granting summary judgment to the County. Given that Yates sought — and obtained — confirmation of the original arbitration award (which settled all claims submitted for arbitration) without contesting the arbitrators' decision limiting the issues or the evidence,[17] it has waived any claims relating to lost income.[18] By agreeing to defer its claim for lost incomes and then moving to confirm the arbitration award which excluded any sums related to that issue, Yates acted at its own peril. For these reasons, we find no error in the trial court's grant of summary judgment to the County.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 11, 2007.

*Leonard W. Childs, Jr.*, for appellant.
*Brannen, Searcy & Smith, David R. Smith, Joseph Y. Rahimi II, McCorkle & Johnson, David H. Johnson, Brown, Rountree & Stewart, Charles H. Brown*, for appellee.

---

[17] See *Yates Paving I*, supra.

[18] Pursuant to OCGA § 9-9-13 (a), "[a]n application to vacate an [arbitration] award shall be made to the court within three months after delivery of a copy of the award to the applicant." Subsection (b) of this Code section further provides that an award may be vacated if the court finds that the rights of that party were prejudiced by:

> (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.

See, e.g., *Ghertner v. Solaimani*, 254 Ga. App. 821, 825 (563 SE2d 878) (2002) (finding that claimant who prevailed at arbitration and then filed action claiming that he was not awarded enough money failed to "avail himself of the opportunity to have the award vacated"). Compare *Doman v. Stapleton*, 256 Ga. App. 383, 390 (2) (568 SE2d 509) (2002) (affirming trial court's ruling that res judicata did not bar subsequent arbitration, noting that party moving for confirmation of arbitration award and raising res judicata defense should have contested jurisdictional finding in award which precluded application of the doctrine).